The case of *Bolling v. The State*, 98 Ala. 80, is in conflict with what we have said above, and to that extent is overruled.

# *Ex parte* The State of Alabama.

## Petition for Mandamus.

1. *Failure of clerk to docket cause; does not work discontinuance.* The failure of the clerk of a court to docket a cause upon an indictment being preferred and returned into court, is the omission of a

[*Ex parte* The State of Alabama.]

ministerial duty on the part of the clerk, and will not operate a discontinuance of the cause, of which the defendant can avail himself.

2. *Same*; *same*; *case at bar.*—Where, on a preliminary trial before a justice of the peace, the defendant is bound over to await the action of the grand jury, and upon an indictment being preferred by the grand jury against the defendant, the clerk of the court omits to docket the cause, and the case does not appear on the docket for several terms, and is not docketed until after the defendant is arrested several years after the indictment was returned, such omission does not operate a discontinuance of the cause; and upon the trial court's granting a motion of the defendant.in such case to strike the cause from the docket on the ground of its discontinuance, *mandamus* will lie to reinstate the cause upon the docket.

This was a petition addressed to the Supreme Court of Alabama, asking for a writ of *mandamus* to be issued to the judge of the city court of Montgomery, compelling him to reinstate the cause of The State of Alabama v. Noah Stephenson upon the docket of the said city court.

The petition alleged the following facts : At the October Term, 1885, of said court, one Noah Stephenson was indicted for the offense of an assault with intent to murder, and upon the presentation of said indictment in the said city court, a *capias* was issued by the clerk of the court, which was in all respects in conformity with the law, and which was returned "not found." Thereafter, on February 24, 1896, an *alias capias* was issued by the clerk of said court upon which Noah Stephenson was arrested by the sheriff and committed to jail. Immediately upon the return of the *capias* showing the arrest of Stephenson, the clerk of the court put the case of "The State of Alabama v. Noah Stephenson" on the trial docket of said court, the charge being the identical assault with intent to murder charged in the indictment as formerly preferred. At the then sitting term of the court the cause of the State of Alabama v. Noah Stephenson being called, the State asked for a continuance on account of the absence of witnesses, whereupon the defendant moved the court to dismiss and strike said cause from the docket, because of a discontinuance. In support of this motion, the defendant offered in evidence the docket of the justice of the peace who held the preliminary examination of the defendant, which docket showed that the said Stephenson had been tried by the

justice of the peace on the charge of "an assault with attempt to murder," upon the same person as charged in the indictment, and that upon the trial by the justice, Stephenson had been bound over to answer any indictment that might be found against him by the grand jury sitting at the October Term, 1885, of the city court of Montgomery; he executing bond. Upon the hearing of the motion the court granted the same, and ordered the same stricken from the docket. In the answer of the judge, in response to..the rule *nisi*, the allegations of the petition were admitted as true except so far as shown by the following averments therein contained : That while the *capias* issued in 1896 was marked "an *alias*," there was no record of an original *capias* having been issued, and there was no *capias* for Stephenson found in the office of the clerk, having upon it the return "not found ;" and that at the preliminary trial before the justice, Noah Stephenson was bound over to await the action of the grand jury, but was released upon the execution of the bond, and the cause of the State v. Noah Stephenson was never upon the trial docket of said court until after his re-arrest in February, 1896.

WILLIAM C. FITTS, for petitioner.

GUNTER & GUNTER, for respondent.—There was a discontinuance in this case, and the court properly struck the cause from the docket.—*Ex parte State*, 71 Ala. 363 ; *Drinkard v. State*, 20 Ala. 9 ; *Miller v. State*, 110 Ala. 69 ; *Rogers v. State*, 79 Ala. 59 ; *Ex parte Stearnes*, 104 Ala. 93.

McCLELLAN, J.—Under the adjudications of this court, we feel constrained to hold that the case of *The State of Alabama v. Noah Stephenson* was improperly stricken off the docket of the city court. On the showing made by the judge of that court in response to the rule *nisi* whatever of irregular action, or omission to act, occurring in the case and resulting in failure to docket the cause prior to 1896, was the action or omission of the clerk of the court with which neither the court nor the solicitor had anything to do ; and it is well settled that the mere omission of ministerial duty on the part of the clerk in respect of issuing process, docketing the cause, and the like, will not operate a dis-

continuance of which the defendant can avail himself.— *Drinkard v. State*, 20 Ala. 13 ; *Benson v. State*, 91 Ala. 86 ; *Scott v. State*, 94 Ala. 80.

And it is immaterial whether the defendant had been held to bail on preliminary trial before a justice of the peace to answer an indictment for the offense at the ensuing term of the city court or not. Granting he had been so bound over, the omission to docket the cause in the city court upon indictment found is the dereliction of the clerk alone which will not work a discontinuance.

This case is distinguished from that of *Exparte Stearnes*, 104 Ala. 93, by the fact that an indictment was found here and none was returned in that case. The failure to have the case acted on by the grand jury or to hold the defendant for action by a future grand jury was not a clerical or ministerial omission, but the omission of the prosecuting officer. The failure to docket the cause when an indictment has been returned is clearly an omission of ministerial duty, and innocuous upon the prosecution.

The rule *nisi* will be made absolute, and *mandamus* will be awarded, unless upon advice of our action the judge of the city court reinstates the cause on the docket of that court.

*Mandamus* awarded.