188 So. 242

**Ex parte STATE ex rel. LAWSON,**
Attorney General.

5 Div. 297.

Supreme Court of Alabama.

April 20, 1939.

Thos. S. Lawson, Atty. Gen., and Chas. L. Rowe and Prime F. Osborn, 3d, Asst. Attys. Gen., for the State.

592

Pruet & Glass, of Ashland, and Paul M. Page and Robt. S. Milner, both of Dadeville, for respondent.

GARDNER, Justice.

By this proceeding the State seeks to review the action of the trial judge in the case of The State versus J. M. Gauntt, charged with the offense of embezzlement, in denying its motion to strike from the files of said case the original and amend- ed pleas in abatement interposed by the defendant therein.

■ Notwithstanding the restricted right of the State in criminal cases to prosecute an appeal (sections 3238, 3239, Code of 1928), occasions have arisen in which the action of the trial judge as to certain rulings in criminal cases have been reviewed by mandamus proceedings. Ex parte State ex rel. Attorney General, 142 Ala. 87, 38 So. 835, 110 Am.St.Rep. 20; Ex parte State ex rel., 115 Ala. 123, 22 So. 115; State ex rel. Attorney General v. Brewer, 19 Ala.App. 330, 97 So. 777; Ex parte Brewer, 210 Ala. 229, 97 So. 778.

We think it clear enough, however, considering the matter upon the merits, that the writ is to be denied, and prefer to pass as unnecessary for determination this preliminary question, and proceed to a consideration of the State's contention that the pleas should have been stricken.

The pleas in abatement are to the effect that the grand jury which preferred the indictment was not drawn in the presence of the officer designated by law. Sections 5202 and 8616, Michie's Code of 1928.

If the accused has been arrested, it is provided in sections 5203 and 8631, Code, that such a plea must be filed at the first session at which it is practicable after defendant's arrest, and in all cases before a plea to the merits.

In the case of State of Alabama versus Gauntt, the defendant was arrested on the indictment two days before the adjournment of court, and the plea in abatement filed at the next term, and before any plea to the merits. The State insists there is no discretion left to the trial judge in the matter, and that the plea is due to be stricken because not filed within the remaining two days of the term at which the indictment was preferred. But the statute has been otherwise construed.

■ In Russell v. State, 33 Ala. 366, the Court, in speaking of this statute, said: "We will not construe the statute as prohibiting, peremptorily and absolutely, the making of the objection at a subsequent term. * * * We thus find precedents in our own decisions, which justify the conclusion, that notwithstanding the statutory designation of the term at which a particular objection should be made, it was in the power of the circuit court to con-

sider and pass upon it at a subsequent term."

The amendment of the statute in the Code of 1886 (section 4446) by adding the matter as to the arrest of the accused, as it now appears, did not indicate any intention to modify the holding in the Russell case, supra, upon the question of the discretion of the trial judge. The Russell case was approved in Nixon v. State, 68 Ala. 535. And in Crawford v. State, 112 Ala. 1, 21 So. 214, after the change of the statute under the Code of 1886, the Russell and Nixon cases, supra, are approvingly cited, and the holding was that this statute left much to the trial court's discretion. See, also, Whitehead v. State, 206 Ala. 288, 90 So. 351. The statute has since been re-enacted without change with this construction placed upon it. Unless a contrary intent appears, the re-enactment of a statute which has been judicially construed, is an adoption of the construction. 18 Alabama Digest, Statutes, ⬥225¾, page 133.

No contrary intent here appears. We conclude a margin of discretion is left to the trial judge on the question presented, and so conceding the writ is due to be denied.

It may be well to add that the sufficiency of the pleas as against any demurrer that might be interposed is not a matter here for consideration. The pleas make indiscriminate reference to sections 8616 and 5202, Michie's Code of 1928. As to section 5202 see Spivey v. State, 172 Ala. 391, 56 So. 232, and as to differentiation between the two sections see Doss v. State, 220 Ala. 30, 123 So. 231, 68 A.L.R. 712; and, of course, the entire Chapter 311, section 8580 et seq., Code, is to be consulted.

In its brief the State now insists that, conceding this discretion, the writ should be issued upon the theory an abuse of discretion has been shown. But this is not the theory upon which the petition is filed, and was not made an issue here. But that aside, we are of the opinion the insistence is untenable. The argument assumes that a failure on the part of the defendant clerk to properly prepare the minutes of the court is the foundation of the plea. The pleas in abatement, however, are rested upon the theory that the grand jury was not in fact drawn in the presence of the officer designated by law as the statute expressly requires. As the statute now reads (section 8616) the officer so designated is none other than the judge, and such averment would in effect indicate that the jury was not in fact drawn by the judge.

This allegation of fact is not here controverted, and it was this fact that the trial judge ruled defendant should be allowed to put in issue and show by his proof. There is no intimation that if the minutes had been properly prepared they would have contradicted the averment of fact in the plea that the grand jury was not legally drawn.

So the substance of the pleas is this averment of fact, and the suggested omission as to the minutes a collateral matter. But, as we have observed, all of this is outside the issues here presented, the petition being rested clearly upon the theory the trial judge had no discretion.

We think otherwise, and have made response on the further insistence in brief out of deference to the earnest argument on the part of the State, and have stated our conclusion that in any event no abuse of discretion is made to here appear. We are of the opinion the writ should be denied, and it will be so ordered.

Writ denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.