104 So.2d 333

**UNITED STATES STEEL CORPORATION**

v.

**Roland Ellis GOODWIN and Department of Industrial Relations.**

**6 Div. 308.**

Supreme Court of Alabama.

June 19, 1958.

Burr, McKamy, Moore & Thomas, Birmingham, for petitioner.

Cooper, Mitch & Black, Birmingham, opposed.

PER CURIAM.

This is a petition by the United States Steel Corporation for a Writ of Certiorari to the Court of Appeals to review and revise the judgment and opinion of that court in the above captioned case.

The decision of the Court of Appeals, holding appellee Goodwin to be entitled to unemployment compensation, seems to be rested on Usher v. Department of Industrial Relations, 261 Ala. 509, 75 So.2d 165. That case construed § 214, Subdiv. A, Tit. 26, Code 1940, as then amended as so entitling Goodwin but the principle enunciated in the Usher case was rested on other previous cases dating back to Department of Industrial Relations v. Drummond, 30 Ala.App. 78, 1 So.2d 395, certiorari denied 241 Ala. 142, 1 So.2d 402, decided by the Court of Appeals February 4, 1941.

The real effort of the appeal and petition for writ of certiorari in the case at bar is to invite a reconsideration of the foregoing cases and others on which they are rested and to overrule them. This we are unwilling to do. We think the question should be set at rest. The principles enunciated in these cases have been the accepted law on the question for many years, and later cases have used them as authority.

Another cogent reason for denying the writ is that in 1955 after decision in the Drummond and Usher cases, § 214 was amended (Act No. 360, General Acts 1955, P. 875) but, significantly, no change was made in said Subdiv. A. Nor does there appear elsewhere in amended § 214 any indication of a legislative intent to modify the

holding in these cases. Authorities are legion announcing the rule that "unless a contrary intent appears, the re-enactment of a statute which has been judicially construed, is an adoption of the construction". Ex parte State ex rel. Lawson, 237 Ala. 591, 593, 188 So. 242, 244; Vol. 18, Ala.Dig., Statutes, ☞223.5(4) (6).

■ In the light of the settled interpretation given the aforesaid section and the argument upon which these cases are based, we are unwilling to close our eyes to the foregoing principle of canonical construction or to be a party to unsettling the settled. Consistency of decision and adherence to precedent have always been the guiding light of a proper functioning judiciary. We think it should be the light to guide us here. We have many times spoken about it. In the recent case of Skelton v. Weaver, 266 Ala. 335, 342, 96 So.2d 288, 294, we again gave approval to the theory by quoting from Bryant v. Simpson, 3 Stew. 339, as follows:

> " '* * * "variety of judgments and novelty of opinions, are the two great plagues of a commonwealth". The decisions of a tribunal of the last resort, should possess permanence and stability of character. They should not be disregarded by the Court that pronounced them, though they may not correctly ascertain the law, unless a greater inconvenience would result from an adherence to them. Next to correctness of decision, nothing is so well calculated to give character to the bench, as a regard for precedent and harmony in its judgments. * * *' "

■ We still adhere to the ruling in the Usher case, and therefore the petition for writ of certiorari is denied.

Writ denied.

SIMPSON, STAKELY, MERRILL and COLEMAN, JJ., concur.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., dissent, as appears in the following:

As we understand it, the basis for the action of the majority in this case is that it is not distinguishable factually from the Usher case, and that under the doctrine of stare decisis aided by the rule that where a statute has been construed by the courts of last resort and has been re-enacted in the same, or substantially the same, terms, the legislature is presumed to have been familiar with its construction and to have adopted it as a part of the law, unless a contrary intent clearly appears, or a different construction is expressly provided for. But we think there are exceptions to, or qualifications of, that rule. As stated in 82 C.J.S. Statutes § 370, p. 853:

> "The rule that the construction placed on a former statute by the courts is adopted by the legislature when it re-enacts such statute or enacts analogous legislation is of limited application and is merely to aid in ascertaining the legislative intent. It does not furnish a conclusive presumption, and the persuasion that lies behind the doctrine is merely one factor to be considered in the total effort to give fair meaning to language. The weight to be given the rule depends on the circumstances of the particular case." See notes 80, 81, 82 and 83.

We still think that the Usher case does violence to the legislative intent in the construction there placed on Sec. 214, Subsec. A, Tit. 26, Code of 1940, as is in our opinion so clearly pointed out in the dissent, and is not beyond the realm of re-examination, and because of its broad effect and importance should be reappraised. We, therefore, respectfully dissent.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.