115 So.2d 908

Ozzie **NEWSOME**

v.

**STATE of Alabama.**

**8 Div. 497.**

Court of Appeals of Alabama.

June 9, 1959.

Rehearing Denied June 30, 1959.

Bradshaw & Barnett, Florence, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a conviction of transporting five gallons or more of prohibited beverages bearing a sentence of. five years' imprisonment.

About seven o'clock in the morning, August 23, 1958, two highway patrolmen were checking drivers' licenses. Mr. M. M. Gibson, one of the officers, was holding Newsome's license when he saw some cans behind the front seat of Newsome's Cadillac car.

Gibson opened the cans and found wildcat whiskey. As a witness, he told the jury how full each can was. There were two five gallon "O. D. Army Jacket" metal water cans.

Newsome drove off: his passenger threw out the cans and a glass jug. Mr. D. O. Dodd, the other highway patrolman, chased Newsome some twenty miles before Newsome got away. He was arrested later and when questioned at the county jail repeated, "No comment."

The defense put in no evidence.

■ Newsome was indicted October 2, 1958, and on his arraignment on October 7 he pled not guilty.

The case was reached for trial on December 4 at which time defense counsel asked leave to withdraw the plea to the merits and consider a motion to quash and a plea in abatement based on one of the grand juror's not being a freeholder or householder of Lauderdale County for the twelve months last past when he was sworn. See Troup v. State, 32 Ala.App. 309, 26 So.2d 611.

■ The trial judge sustained the State's motion to strike these requests. In so doing, he was exercising an irrevisable discretion. For, while he may allow a plea to a defect to be taken up out of order, Ex parte State ex rel. Lawson, 237 Ala. 591, 188 So. 242, Code 1940, T. 15, § 279, he may also, without error, reject the request to withdraw the plea of not guilty, Holloway v. State, 37 Ala.App. 96, 64 So.2d 115, McGee, Crim.Proc. in Alabama, 122–123.

This court cannot—as appellant would have us do—declare that Code 1940, T. 15, §§ 278 and 279, as applied here, denies him constitutional rights, i. e., trial only upon "indictment" for a felony and due process.

The fact that a Floridian may participate in an Alabama grand jury, as happened in Whitehead v. State, 206 Ala. 288, 90 So. 351, may, seem astonishing, but this is a statute bound court and hence cannot go into the merits of Supreme Court opinions, Code 1940, T. 13, § 95.

■ Upon the announcement that the defense rested—no evidence having been offered by Newsome—the solicitor stated, in effect, that "all the witnesses called as character witnesses" might be excused. Newsome claims error in the announcement.

The direction seems, on this record, to have been addressed to a group marshalled by the State to be ready to rebut an anticipated display of Newsome's good name in his home community.

If there were any harm in this remark, this was cured by the trial judge sustaining the defense objection. That he did not grant a mistrial therefor, we think proper.

Lowery v. State, 21 Ala.App. 352, 108 So. 351, a case of comment on the failure to put friends on the witness stand, does not fit here as we see the record.

The defendant further argues that, in effect, the solicitor's statement by excusing character witnesses has silhouetted Newsome's failure to testify as much so as if he had said, " * * * the defendant is not going to testify and put his character in issue."

We respectfully differ with this proposition. It attaches too much weight to what

the solicitor didn't say. We think even a juror sophisticated to the point of being learned in the law (if this is not a self-contradictory expression) would not draw such a refined inference.

We have examined the record, as required by the statute, and find it free of error.

Affirmed.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.