**SOWERS, Adm'x, v. ARCHER et al., Ex'rs.**

No. 20312. Opinion Filed April 28, 1931.

T. G. Cutlip, for plaintiffs in error.
Park Wyatt, for defendants in error.

HEFNER, J. Manson Sowers, administratrix of the estate of Ellen Archer, deceased, and Hardy Archer, the plaintiffs in error, brought this suit in the superior court of Pottawatomie county against Lonnie Archer and Samuel Archer, executors of the last will and testament of Ed Archer, deceased. On refusal to plead further after the trial court had sustained a demurrer to the petition of the plaintiffs, judgment was entered against the plaintiffs, and the case is brought here for review.

The suit was brought to recover an undivided interest in the estate of Ellen Archer, deceased, and it was alleged that her estate consisted of both personal and real property.

In order to determine the sufficiency of the petition it is necessary to examine the allegations therein. Some of them are as follows:

"Plaintiffs further allege that on or about the 9th day of June, 1904, on the Mahala Crowe farm in the county of Pottawatomie, then the territory of Oklahoma, now the state of Oklahoma, there was a family settlement or agreement entered into among Ed Archer, for himself, and Mahala Crowe, Gillian Archer, and Manson Sowers, acting for themselves and on the behalf of the other children of Ellen Archer by her first husband, in which said family agreement it was agreed that the interest and estate of said Ellen Archer, including the homestead as aforesaid described, was at said time of the value of $6,200, and in order to hold said property and real estate intact and to avoid administration upon the estate of Ellen Archer, deceased, the parties to said settlement entered into an agreement, in writing, of which the following is a copy and of the tenor as follows:

"'Asher, O. T., June 9th, 1904.

"'Family Settlement.

"'We, Ed Archer, for himself, Mahala Crowe, Gillian Archer and Manson Sowers, for themselves and the other children of Ellen Archer by her first husband, agree to hold the property together and not have an administrator appointed for the separate property of Ellen Archer, now dead. We agree that the value and kind of property of Ellen Archer is as here agreed to, and a part of this settlement:

"'That two-thirds of the value of her property is property which belongs to the children of Ellen Archer by her first husband, and one-third of said property is the interest of Ed Archer, the husband of said Ellen Archer. The agreed value of her property is $6,200. It is agreed that no administration be had on her property while the husband, Ed Archer, lives, but at his death the land, money and stock will go to

the children as before agreed on. Any land bought by Ed Archer from the money and stock of Ellen Archer be taken and held in the name of Ed Archer for the children of Ellen Archer, if living, and if dead, their children as long as he lives, and at his death belong to Ellen Archer's children in the same parts. The expenses for keeping and taking care of the land and stock be paid from the crops grown on the places, and the profits of the stock and taken from the value of the land and property at the same time this division is made. After this agreement the land, money and stock is turned over to Ed Archer to be held by him as long as he lives without administration. The value and number of head and kind of property agreed to be the property of Ellen Archer at her death is here set out:

```
30 head of cattle worth _____$700.00
 2 mares  valued  at  _____ 200.00
 4 mules  valued  at  _____ 600.00
 1 jack valued at  _____ 400.00
 1 second hand wagon and harness worth__  50.00
   Cash to the sum of  _____ 750.00
   The homestead SW¼ of 24-6-3 _____ 3500.00
   All worth six thousand two hundred dollars.
```

" 'Two copies—one for each.

" 'Ed Archer, husband.

" 'Mahala Crowe and Gillian Archer.

" 'for all of the first children.' * * *

"Plaintiffs further allege and aver that upon the death of the said Ellen Archer, intestate as aforesaid, the said real and personal estate passed to, and became the property of the heirs at law of Ellen Archer and of the real and personal property of said Ellen Archer, the said Ed Archer had only an inheritable interest of one-third and subject to testamentary disposition as aforesaid. * * *"

Ellen Archer, the deceased, was the mother of ten children, five by her first husband and five by her second husband. The plaintiffs in this case, Hardy Archer and Manson Sowers, are children by her first husband. At the time this suit was filed three of the children by her first husband and one by her second husband were dead. Each of them left children surviving.

It is first contended that there is a misjoinder of parties, but on oral argument this contention was waived.

The above allegations, when taken in connection with the other allegations of the petition, constitute a cause of action, and the trial court committed error in sustaining the demurrer to the petition unless the petition on its face shows the cause of action barred by the statutes of limitation. Does it do so? It is so contended, and this contention is based on an allegation of plaintiffs' petition which is as follows:

"* * * And Ed Archer took and retained the possession and control of the real and personal property of Ellen Archer and exercised dominion over the same until the death of Ed Archer on or about the 14th day of June, 1926, and during all of the time intervening between the death of Ellen Archer and the death of Ed Archer, in 1926, the plaintiffs herein under said agreement and settlement were denied access to or control over said real and personal property which was in the possession and under the control of the said Ed Archer. * * *"

This allegation standing alone in the petition perhaps might justify the trial court in sustaining a demurrer to the petition on the ground that the cause of action was barred by the statutes of limitation. The demurrer, for the purpose of testing the sufficiency of the petition, admits as true all the facts alleged. It is therefore admitted that the family agreement was entered into as is alleged in the petition, and that the property described therein was the separate property of Ellen Archer. This agreement was executed by Ed Archer, the second husband, and under whom the defendants claim title. By the terms of the agreement the land, money, and stock were to be turned over to Ed Archer, to be held and managed by him as long as he lived, without administration, and the estate of Ellen Archer was not to be divided until he died. Under these admitted facts we do not think the statutes of limitation would begin to run against any of the heirs of Ellen Archer, deceased, who were parties to the family agreement or who acquiesced therein until the death of Ed Archer. Under the allegations of the petition the property belonged to Ellen Archer as her separate estate. If these facts are true, it follows that on her death the title to the same vested in her heirs, one-third of which was cast upon the surviving husband and two-thirds upon her children by both of her husbands. It is alleged that the property was the homestead of the family. Under the law in force at the time of the death of Ellen Archer, the surviving husband and the minor children had a homestead right in the property.

A copy of the last will and testament of Ed Archer is attached as an exhibit to the petition of the plaintiffs. Small sums of money were bequeathed to certain devisees. Other than these small sums of money the will does not describe any particular property. It bequeaths certain undivided interests in the estate of the testator to his children. It does not describe the property included in the estate.

It of course will be admitted that the will

could not pass to the devisee any property that did not belong to the testator. Even if property had been specifically described in the will, if it did not belong to the testator, it could not be passed to a devisee by the terms of the will. If the will had been admitted to probate, whatever estate actually belonged to Ed Archer at the time of his death went to the devisees mentioned in the will and in the manner provided for therein. On the other hand, no property that did not belong to him at the time of his death could be passed to a devisee by the will. It is therefore important to determine what property belonged to him when he died.

It is argued in the brief of the defendants in error that the decree of distribution of his estate has been entered in the county court, and that the decree has become final, and that the property involved in this cause of action has been distributed, and that the parties plaintiff in this cause were parties to that action and bound by it. Since there are no such allegations in plaintiffs' petition, that question is not before us for determination. It can and should be determined when the case is tried on its merits.

It is contended by the defendants in error that the contract of family settlement is void and without force and effect. Of course, in a suit for specific performance, any one who did not execute the contract could not be bound by it. Those who were minors at the time it was executed were not capable of executing it themselves nor of authorizing any one else to execute it for them. Ellen Archer died intestate on June 4, 1904, and five days thereafter the family agreement was entered into, and it was executed by Ed Archer, and the defendants in error herein claim under him. By the terms of this agreement, Ed Archer agreed to hold the property together and not have an administrator appointed for the separate property of Ellen Archer. He agreed that two-thirds of the property described in the contract belonged to the children of Ellen Archer. It was further agreed that any land bought by Ed Archer from the money and stock of Ellen Archer would be taken and held in the name of Ed Archer for the children of Ellen Archer, if living, and if dead, their children, so long as he lived, and at his death it should belong to Ellen Archer's children. The expenses for the care of the land and stock were to be paid from the crops grown on the places. It was agreed by him that the property described in the contract of settlement was the separate property of Ellen Archer.

As to the force and effect of this contract, we express no opinion other than to say it is at least a declaration against interest on the part of Ed Archer and those who claim under him, and on the trial of the case on its merits it can be considered as evidence in determining the property rights of those who are interested in the estate.

When Ellen Archer died, her estate passed to her heirs, one-third of which necessarily went to her surviving husband and the other two-thirds divided equally between her ten children. When Ed Archer died, the estate that actually belonged to him at the time of his death passed to the devisees mentioned in his will.

It was alleged that certain properties were purchased by Ed Archer with trust funds. On the trial of the case on its merits these allegations, as well as all other proper issues, may be considered in determining the rights of all of the parties to this cause of action to the property involved herein.

The cause is reversed, with directions to overrule the demurrer to the petition of plaintiffs and to take such further action herein as to the trial court may seem just and proper.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.