[Civ. No. 2713. Fourth Appellate District.—August 29, 1940.]

GAIL CHILWELL, a Minor, etc., et al., Respondents, v. ELLEN CHILWELL, as Administratrix, etc., Appellant.

M. W. Conkling and Edgar G. Langford for Appellant.

Fred O'Farrell, Wright, Monroe, Harden & Thomas and Monroe & McInnis for Respondents.

BARNARD, P. J.—This is an action to recover the proceeds of a life insurance policy. The plaintiffs are the daughters of Archibald Chilwell and Mary Chilwell, who were married in 1917. In 1919 Mr. Chilwell took out the policy in question which named his wife, Mary, as beneficiary. In 1927, Mr. and Mrs. Chilwell separated and he went to Arizona to live. Subsequently, he brought an action for divorce in that state under a statute which permitted the granting of a

divorce where the parties had not lived together as husband and wife for a period of more than five years. His wife, Mary Chilwell, went to Arizona, employed an attorney, and negotiations for a property settlement were carried on, in the course of which this insurance policy was discussed. On December 26, 1931, a written stipulation was signed by the attorneys for the respective parties which provided that Mr. Chilwell should pay $140 per month for the support of Mary Chilwell and the two children, and contained a further provision that the decree should provide that Mr. Chilwell should take immediate steps to procure a reinstatement of this life insurance policy and should have the two children, the plaintiffs herein, designated therein as beneficiaries, and requiring the plaintiff to keep the policy in force until it matured.

After this stipulation was signed Mary Chilwell came back to California. The stipulation was filed in the action on January 25, 1932, and on the next day, after a hearing at which Mr. Chilwell was present and testified, a divorce was granted to him. The decree contained all of the provisions of the stipulation to which we have referred, including the exact language used therein with reference to this insurance policy. This part of the decree reads as follows:

"It Is Further Ordered, adjudged and decreed that the plaintiff will take immediate steps to procure the reinstatement of the policy of insurance on his life and that upon such reinstatement he will procure said policy to designate said children, Mary Alberta Chilwell and Gail Chilwell as sole beneficiaries under said life insurance policy and that said plaintiff will keep said policy in force and for their benefit until the same shall mature."

Mary Chilwell died in November, 1933, but in the meantime Mr. Chilwell had married the defendant Ellen Chilwell. He failed to pay the premiums on the policy after November 6, 1933, and the policy was automatically converted into an extended paid-up insurance. He died in July, 1938, while the insurance was still in force.

This action was brought against the estate of Mr. Chilwell, against Ellen Chilwell individually, and against the insurance company. The insurance company, by appropriate pleadings, offered to pay the amount of the policy to the persons entitled thereto as might be determined by the court. The court found in all respects in favor of the plaintiffs, en-

tering judgment accordingly, and the defendant Ellen Chilwell has appealed on behalf of the estate.

 The appellant contends that since the insured had not changed the beneficiary in the manner provided for in the policy and since the original beneficiary died before the insured, the insurance was payable to his estate, and that nothing in connection with the divorce proceeding changed this result or affected this legal situation. We are here concerned, however, not merely with the terms of the insurance contract, but with the terms and effect of a property settlement between parties to a divorce proceeding which was carried into and made a part of a judgment of divorce. The appellant relies upon *McLaughlin* v. *McLaughlin,* 104 Cal. 171 [37 Pac. 865, 43 Am. St. Rep. 83], in which it was said that the right to the proceeds of an insurance policy vests in the beneficiary at the death of the insured and that the insurer has no power, by stipulation or otherwise, to change or affect that right. While this is true, a question often remains as to the person or persons in whom the right vests and this question is often affected by equitable rules. While this insurance contract is controlled by the situation as it was at the death of the assured, the property settlement which the parties here made and which was reduced to judgment is still effective and controls the disposition of the proceeds of the policy. This property settlement agreement was entered into by all of the parties who had any interest in the proceeds of the policy, and the making of such an agreement has frequently been held to be, in effect, an equitable assignment of such insurance money.

In *Mutual Life Ins. Co.* v. *Franck,* 9 Cal. App. (2d) 528 [50 Pac. (2d) 480], the court said: "But the insured may waive his right to change the beneficiary and by contract he may convert the contingent interest in the policy into a vested equitable interest which may not be subsequently defeated by an effort to change the beneficiary without his consent." In that case the insured had been directed by a decree of divorce entered by a Nevada court to pay all premiums on an insurance policy and to constitute his divorced wife the sole beneficiary of the policy. The insured remarried and, in violation of the property settlement agreement and of the divorce decree, attempted to make his new wife the beneficiary of the policy. The facts of that case are very similar to those now before us and the court there said that

the decree entered in the State of Nevada was "competent evidence of the determination of that court with respect to the disposal of the property rights of the spouses as an incident to the divorce proceeding", and held that such disposition was entitled to full faith and credit in this state. In *Mutual Life Ins. Co.* v. *Henes*, 8 Cal. App. (2d) 306 [47 Pac. (2d) 513], the circumstances are also very similar to those now before us. In that case, a prior divorce decree had ordered the insured to change the beneficiary in two policies of insurance from the divorced wife to a son and daughter of the parties. The insured attempted to do this but made the change through the medium of assignments rather than through the usual method of changing a beneficiary. Later, he canceled these assignments and died without having named any beneficiaries other than the original designation of his divorced wife as such. His estate and his two children claimed the proceeds of the policies and the insurance company brought the action to have it determined who was entitled thereto. The court held that the children had a right to the proceeds of the policies derived from the property settlement agreement between the assured and his wife, saying: "Said agreement required the assured to name the children as the beneficiaries of said policies and clearly implied that the assured should not at any time thereafter have the right to change the beneficiaries. The assured failed to comply with the exact terms of the agreement, but we believe said agreement operated as an equitable assignment of the proceeds of the policy which were to become due upon the death of the assured." In *Shoudy* v. *Shoudy*, 55 Cal. App. 344 [203 Pac. 433], under very similar circumstances, the court said: "it would seem to follow that the equitable right which the plaintiff herein acquired by virtue of her agreement with Dexter Shoudy was one of which she could not be deprived by any act of the insured in the way of an attempted substitution of the name of a merely voluntary beneficiary in the place and stead of her name in said policies." If an insured cannot defeat such an equitable right by changing the beneficiary named in the policy it would also seem to follow that he cannot defeat such a right by merely failing to act at all. He could not, in equity, be allowed to take advantage of his own wrong in breaking the property settlement agreement and in violating the terms of

the divorce decree, and it reasonably follows that his estate is in no better position.

In seeking to avoid the effect of the decisions in the cases above referred to the appellant contends that the policy in question was the separate property of the assured and that the Arizona court had no jurisdiction to set over such property to the children of the couple; that there was no consideration for any agreement that the proceeds of this policy should be made payable to the children; and that there was, in fact, no agreement between the parties authorizing the Arizona court to enter a judgment requiring the assured to make a change of beneficiaries in favor of his children.

Not only does the record disclose evidence that the premiums on this policy up to the time of the divorce were paid by the insured from his earnings during the marriage, but where such a property settlement becomes a part of a divorce proceeding and is included in the judgment, it is immaterial whether such payments came from community property of the parties or from the separate property of the assured. (*Mutual Life Ins. Co.* v. *Franck, supra.*) The right of parties, in settling their property rights in contemplation of a divorce, to provide for their children and give property to the children as a part of that settlement cannot be questioned, and the mutual agreements of the parties, with the benefits mutually conferred and received, are, beyond question, a sufficient consideration. The contention that an agreement was not here made is based upon the fact that the stipulation filed in the action in Arizona was signed only by the attorneys for the respective parties and not by the parties themselves. While this is true, this stipulation was filed in that action and must have been presented to the court as the exact language used therein, with reference to the insurance policy, was included in the court's decree. The insured was present at the hearing and testified, and all presumptions are in favor of the judgment. The assured not only failed during his lifetime to attack the judgment in any way, but it affirmatively appears that he accepted it and acted upon it by remarrying. He could not accept and act upon one part while disputing and refusing to be bound by the other. (*Himmelmann* v. *Sullivan,* 40 Cal. 125.) Under the circumstances here appearing, it must be held to be binding not only upon the assured but upon his estate.

■ Some contention is made that this action is barred by the provisions of section 336 of the Code of Civil Procedure. This contention is obviously without merit. (*Mutual Life Ins. Co.* v. *Franck, supra.*)

■ In her final brief the appellant attempts to raise for the first time an additional point to the effect that an equitable assignment could not have here taken place because this insurance policy included a provision for disability benefits to the insured during his lifetime. Not only is this point raised too late, but the matter thus suggested is fully covered by the principles set forth in *Mutual Life Ins. Co.* v. *Henes, supra.* Moreover, the insured in this case did not avail himself of the privilege given by this portion of the policy and it is neither material nor controlling here.

The judgment is affirmed.

Griffin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 28, 1940.