[Civ. No. 19839.   Second Dist., Div. Three.   Feb. 11, 1954.]

WILMA EDRIS WAXMAN, Respondent, v. CITIZENS
NATIONAL TRUST AND SAVINGS BANK OF LOS
ANGELES (a National Banking Association), as Exec-
utor, etc., Appellant.

Carter & Potruch and Findlay A. Carter for Appellant.

Garber & Garber and Wilbur D. Garber for Respondent.

VALLÉE, J.—Appeal by defendant, as executor of the will of James W. Henderson, from an adverse judgment in an action for damages for the failure of decedent to have a policy of life insurance in force on his life at the time of his death.

On August 15, 1932, decedent and his then wife, Thelma,

entered into a property settlement agreement. Plaintiff Wilma is the daughter of decedent and Thelma. In the agreement, decedent promised that he would assign and transfer an insurance policy ''now upon his life in an established 'Old Line Insurance Company' in favor of said Wilma'' as beneficiary, to be irrevocable as to her, and that he would pay the premiums on the policy and would cause it to be delivered to Thelma, in trust, for the use and benefit of Wilma. On September 7, 1932, decedent and Thelma were divorced. The interlocutory decree approved the property settlement agreement.

On January 12, 1933, decedent and Thelma entered into a written modification of the property settlement agreement. The modification said that in relation to the change of beneficiary of a $10,000 policy as provided in the property settlement agreement, decedent stated that while this change had not been made he then had a policy in that amount paid up and in good standing in which Thelma was named as beneficiary, and that the change had been directed and would be effected within a few days. Decedent did not change the beneficiary as he promised to do in the modification agreement. In 1937, he secured two policies on his life, each in the amount of $5,000, with Wilma named as beneficiary in each. He.delivered these policies to Thelma. He did not pay the premium on one of the $5,000 policies after June 18, 1939. On December 6, 1942, that policy lapsed. It was not reinstated. Decedent died on October 1, 1951. At the time of his death, only one policy for $5,000 was in force with Wilma named as beneficiary. She collected the face of that policy; filed a claim against the estate of decedent for $5,000, which was rejected; and brought this action against the executor of the will of decedent for $5,000 damages. Judgment was for Wilma for $5,000 and interest from October 1, 1951. Defendant appeals.

Defendant's assignments of error are: 1. The intent of the property settlement agreement was fully complied with and so acknowledged by mutual consent of the parties. 2. The cause of action is barred by section 337(1) of the Code of Civil Procedure.

■ Wilma married on April 15, 1939. Decedent stopped paying the premiums on one of the $5,000 policies on June 18, 1939. Defendant argues from these facts that Wilma became emancipated on marriage; decedent had no further liability for her support, that responsibility having vested in

her husband; by discontinuing premium payments, decedent evidenced his understanding of the import of the agreement. These facts have no relation to decedent's agreement. The agreement is definite, certain, and unequivocal. The insurance was not to be kept in force until some condition occurred or contingency happened. It was to be irrevocable. Decedent specifically agreed that he would maintain life insurance in the amount of $10,000 in force until his death with Wilma named as beneficiary.

Thelma remarried on June 16, 1948. On August 28, 1948, she wrote a letter to decedent in which she told him she was returning the last check he had sent her and that ''I am now married again and our contract closed.'' Defendant says these facts indicate that the parties to the agreement, Thelma and decedent, considered their agreement fully executed and completed; and that if they did not so consider it, it is evident they abandoned it and the effect so far as the third person, Wilma, is the same. Decedent, in the property settlement agreement, also promised to pay alimony to Thelma until she remarried. This obligation was separate and distinct from his obligation to maintain the insurance in force until his death. We think it manifest that the only obligation Thelma referred to was decedent's obligation to her. (*Cf. Jenkins* v. *Jenkins,* 112 Cal.App. 402, 406-408 [297 P. 56].)

The right of parties, in settling their property interests, to provide for their children and give property to the children as a part of the settlement, cannot be questioned. (*Chilwell* v. *Chilwell,* 40 Cal.App.2d 550, 555 [105 P.2d 122].) Wilma's right to have the policy kept in force derived from the property settlement agreement between decedent and Thelma. (*Mutual Life Ins. Co.* v. *Henes,* 8 Cal.App.2d 306, 311 [47 P.2d 513].)

An insured by contract may waive the right to change a beneficiary and may convert what is usually the contingent interest of a beneficiary of a policy of life insurance into a vested equitable interest. (*Mutual Life Ins. Co.* v. *Franck,* 9 Cal.App.2d 528, 534 [50 P.2d 480]; *Mahony* v. *Crocker,* 58 Cal.App.2d 196, 202 [136 P.2d 810].) An agreement by an insured, in consideration of the settlement of property rights by which he covenants to make his daughter the sole irrevocable beneficiary of a policy of life insurance, vests her with an equitable interest therein which may not be defeated without her consent. (*Shoudy* v. *Shoudy,* 55 Cal.App. 344, 351 [203 P. 433]; *Mutual Life Ins. Co.* v.

*Franck, supra,* 534; *In re Thienhaus,* 175 Wis. 526 [185 N.W. 531]; *Reilly* v. *Henry,* 187 Ark. 420 [60 S.W.2d 1023, 1026]; *Chrysler Corp.* v. *Disich,* 295 Mich. 261 [294 N.W. 673, 674].)

An insured cannot defeat the equitable right of a beneficiary by failing to act. He could not, in equity, be allowed to take advantage of his own wrong in breaching the property settlement agreement, and his estate is in no better position. (*Chilwell* v. *Chilwell,* 40 Cal.App.2d 550, 553-555 [105 P.2d 122].)

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." (Civ. Code, § 1559.) Plaintiff is entitled to recover the amount of the policy which decedent agreed to maintain in force. (Civ. Code, §§ 3300, 3302.)

Section 337(1) of the Code of Civil Procedure provides that an action on a liability founded upon a written instrument shall be commenced within four years. Defendant argues that plaintiff had a cause of action on June 18, 1939, the date on which decedent ceased paying the premiums on the policy; that the action was not commenced until March 21, 1952; therefore, it is barred. The argument is fallacious.

The statute did not begin to run until the cause of action accrued. (*Toney* v. *Security First Nat. Bank,* 108 Cal.App. 2d 161, 166 [238 P.2d 645].) A cause of action invariably accrues when there is a remedy available. (*Irvine* v. *Bossen,* 25 Cal.2d 652, 658 [155 P.2d 9]; *Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal.2d 719, 733 [146 P.2d 673, 151 A.L.R. 1062].)

Ordinarily, a cause of action for breach of contract accrues on the failure of the promisor to do the thing contracted for at the time and in the manner contracted.

Decedent, at any time prior to his death, could have complied with his obligation. The breach of the obligation did not accrue until he died without the policy for $5,000 in force. Wilma had no right to sue until the agreement had been breached by his failure to have in force, at death, a policy for $5,000 for her benefit. The statute was not set in motion until the date of the obligation's promised performance—the date of decedent's death. (*Chilwell* v. *Chilwell,* 40 Cal.App. 2d 550, 556 [105 P.2d 122]; *Mutual Life Ins. Co.* v. *Franck,* 9 Cal.App.2d 528, 541-542 [50 P.2d 480]; *In re Lineaweaver's Estate,* 284 Pa. 384 [131 A. 378]; *cf. Sowers* v. *Archer,* 148 Okla. 292 [298 P. 595].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.