[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S MOTION TO SUBSTITUTE A PARTY DEFENDANT
A hearing on the above motions was held on August 14, 2001. The following relevant facts are undisputed for the purpose of these motions. The parties were married in Manchester, Connecticut on June 8, 1980. On February 25, 1999, a summons and complaint seeking a dissolution by the plaintiff wife, together with automatic pendente lite orders[1], were served upon the defendant. On March 12, 1999, the defendant husband filed an answer admitting to the allegations of the complaint as well as a cross-complaint also seeking a dissolution of marriage. The defendant husband died on November 9, 2000, while the action for dissolution was pending.
On March 1, 2001, defendant's attorney filed a motion to dismiss the dissolution action on the ground that the defendant is deceased.[2] On March 14, 2001, the plaintiff, while acknowledging that the marriage was dissolved by law upon the death of the defendant, objected to the defendant's motion to dismiss the complaint. The plaintiff alleges that the defendant violated a pendente lite court order by changing the beneficiary of a life insurance policy during the pendency of the dissolution action. She wishes to bring an action for contempt against the defendant, or a substitute defendant, for violation of that pendente lite order.
On July 31, 2001, the plaintiff filed a motion seeking to substitute the executor of her husband's estate as a substitute party defendant to the dissolution action pursuant to the provisions of General Statute § 52-599. In an affidavit in support of the motion, the plaintiff states that she believes that she was the named beneficiary of an insurance policy on the life of her husband. She alleges that subsequent to his death she was informed that her husband had removed her as the beneficiary of the life insurance policy and had substituted the names of other individuals as the beneficiaries. All of this allegedly occurred while the action for dissolution was pending.
In her brief and in oral argument, the plaintiff alleges that her CT Page 12846 discovery of the violation of the pendente lite order gives her standing under § 52-599 to substitute the executor of her husband's estate as a party defendant to the pending dissolution action for the expressed purpose of instituting contempt proceedings against the defendant executor for violation of the pendente lite order by her husband.[3]
The pertinent portions of § 52-599 provide that: "(a) A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person; (b) A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent . . . If a party defendant dies, the plaintiff . . . may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and, upon due service and return of the order, the action may proceed. (c) the provisions of this section shall not apply: (1) To any cause or right of action or to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto, (2) to any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants."
The plaintiff alleges that the defendant violated an automatic order of the court that neither party in a pending action for dissolution shall change the beneficiaries of any existing life insurance policies. If the defendant was alive, he could be cited for civil contempt and if found in contempt he could have been ordered by the court to reinstate the original beneficiary so as to maintain the status quo pending the outcome of the dissolution action. However, the defendant is deceased and the death benefits resulting from the life insurance policy have already been paid by the insurer to the named beneficiaries pursuant to the terms of the contract. Neither the insurer nor the named beneficiaries are parties to the dissolution proceedings.
An action for the dissolution of a marriage is personal to the parties whose marriage is sought to be dissolved. A party cannot substitute a non spouse for a spouse in a marital dissolution proceeding. The death of a spouse automatically dissolves the marriage, and once the marriage is dissolved by the death of one of the parties, the purpose for continuing an action seeking to dissolve the marriage becomes meaningless. See,Litvaitis v. Litvaitis, 162 Conn. 540, 544 (1972).
A substitute defendant cannot vicariously be found in contempt of court for violating court orders directed to the deceased defendant. In this case, even if the court found the defendant husband to have been in civil CT Page 12847 contempt, the executor of the defendant's estate does not have the authority to change the beneficiaries of the decedent's life insurance policy nor redistribute the death benefits paid to the beneficiaries by the insurance company. "The proceeds of a life insurance policy made payable to a named beneficiary are not assets of the estate, but belong solely to the beneficiary." 31 Am.Jur.2d, Executors and Administrators 257, § 509 (1989) See General Statute § 45a-347. Insurance death benefits are paid by the insurer directly to the named beneficiaries of the policy. "It follows, then, that satisfying the beneficiary is the contractual responsibility of the insurer not the fiduciary responsibility of the [executor]." Equitable Life Insurance Society ofthe United States v. Sandra Porter-Engelhart, 867 F.2d 79 (1st Cir. 1989).
The plaintiff relies on Dalton v. Dalton, FA95-126681 (Judicial District of Waterbury, March 6, 1997 (Shortall, J.) as authority for her motion to substitute the executor as a party defendant in this case. The facts in Dalton are inapposite to the facts in the present case. In Dalton the plaintiff spouse died prior to the entering of a final judgment in the action for dissolution. Thereafter, the plaintiff's attorney, on behalf of the estate, filed a motion for contempt against the surviving defendant spouse alleging that he had disobeyed pendente lite orders which required him to pay unreimbursed medical expenses incurred by the plaintiff. In Dalton the motion for contempt was directed at an existing defendant who, if found in contempt, could be compelled by the court to comply with the orders of the court. In this case the defendant is deceased and the surviving plaintiff is seeking to bring an action for contempt against a substitute defendant. The deceased defendant can no longer be forced to comply with the orders of the court, and the executor of his estate cannot provide the remedy sought by the plaintiff. Finally, unlike Dalton, this is not a situation in which the defendant is alleged to have failed to pay court ordered child support or alimony or unreimbursed medical expenses resulting in a debt owed by the defendant to the plaintiff.
The court finds that based upon the facts and circumstances of this case, the remedy sought by the plaintiff through a contempt proceeding would require the continued existence of the deceased defendant. The specific remedy which the plaintiff seeks is not available to her through a contempt proceeding against a substitute defendant.
That is not to say, however, that the plaintiff is without legal recourse. She can file a claim in the Probate Court to recover the amount she should have received from the life insurance policy, or she can file a separate civil action against the insurer and the substitute beneficiaries. In Kulmacz v. New York Life Insurance Co., 39 Conn. Sup. 470
CT Page 12848 (1983), a case involving similar circumstances, the court said that, without notice of an outstanding court order prohibiting the insured from changing the beneficiary of a life insurance policy, payment of the death benefit to a different designated beneficiary would probably discharge the insurer; however, "in that event the person who should have been named the beneficiary would have a claim against the insured's estate for an amount equal to the insurance he or she should have received." Id. at 476, citing Wright v. Wright, 276 Cal.App.2d 56, 80 Cal.Rptr. 741
(1969). See: Meyer, Life and Health Insurance Law 11:19.
For the reasons herein stated, the plaintiff's motion to substitute the executor of the decedent's estate as a party defendant is denied.
The court finds that the marriage between Karen and William Diana was dissolved by law upon the death of William Diana on November 9, 2000, terminating the subject matter jurisdiction of the court over the dissolution action. Accordingly, the defendant's motion to dismiss is granted.
Terence A. Sullivan, J. Superior Court Judge