**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000291
28-MAR-2024
07:57 AM
Dkt. 87 SO**

NO. CAAP-18-0000291

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


THOMAS SCHMIDT, Plaintiff-Appellant,
v.
GARY VICTOR DUBIN; DUBIN LAW OFFICES,
Defendants/Third-Party Plaintiffs/Third-Party Counterclaim
Defendants-Appellees,
and
JOHN AND MARY DOES 1-10, DOE CORPORATIONS,
PARTNERSHIPS OR OTHER ENTITIES 1-10, Defendants,
and
GARY VICTOR DUBIN; DUBIN LAW OFFICES,
Defendants/Third-Party Plaintiffs/Third-Party Counterclaim
Defendants-Appellees,
v.
JOHN S. CARROLL,
Third-Party Defendant/Third-Party Counterclaim
Plaintiff-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0482)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellant Thomas Schmidt (**Schmidt**), appearing

*pro se*,[1] appeals from the November 8, 2018 Final Judgment

(**Judgment**) entered by the Circuit Court of the First Circuit

---

[1] After briefing was completed and this case was placed on the ready calendar, on October 1, 2020, Samuel P. King, Jr. entered an appearance as counsel for Schmidt.

(**Circuit Court**), in favor of Defendants/Third-Party Plaintiffs/Third-Party Counterclaim-Defendants/Appellees Gary Victor Dubin and Dubin Law Offices (collectively, **Dubin**).[2] Schmidt also challenges the Circuit Court's December 27, 2016 Order Granting [Dubin's] Motion for Partial Summary Judgment #1 on All Claims Based on an Alleged Debt (**Order Granting MPSJ #1**).

Schmidt raises four points of error on appeal, contending that: (1) the Circuit Court erred in granting MPSJ #1; (2) the Circuit Court erred in denying Schmidt the opportunity to testify as to when his claims against Dubin accrued; (3) the Circuit Court erred in not making a determination as to when Schmidt knew or should have known he had a cause of action against Dubin; and (4) this case should be remanded to the Circuit Court for a determination as to when Schmidt's claims accrued.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Schmidt's points of error as follows:

Schmidt's opening brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28, including the failure to cite record references as required by HRAP Rule 28(b)(3). However, the Hawaiʻi Supreme Court instructs that pleadings prepared by self-represented litigants should be interpreted liberally, and such parties should not be automatically foreclosed from appellate review because they fail

---

[2] The Honorable Bert I. Ayabe presided.

to comply with court rules.  <u>Erum v. Llego</u>, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  Therefore, we have considered the merits of Schmidt's arguments to the extent they can be discerned.

(1, 3, & 4)  Schmidt argues that the Circuit Court erred in entering the Order Granting MPSJ #1, which stated in pertinent part:

> Partial summary judgment is hereby entered in favor of [Dubin], and against [Schmidt], on all of [Schmidt's] claims for recovery of an alleged debt and/or which are premised upon an alleged debt, because all claims for breach of contract, in the nature of assumpsit and/or recovery of a debt are **time-barred** as a matter of law pursuant to [Hawaii Revised Statutes (**HRS**) § 657-1(1) (2016)].  This includes, *e.g.*, [Schmidt's] claims against [Dubin] for breach of contract, financially benefitting from breach of contract, deprivation of [Schmidt's] assets, unjust enrichment, intentional infliction with economic advantage, retention of economic benefit, conversion, return of money, an accounting, fraud, fraudulent concealment, reimbursement of attorneys' fees and costs, and any other claims by [Schmidt] in this lawsuit, which are premised in any way upon an alleged debt.
>
> In addition, pursuant to HRCP 56(d) and HRE 201, the Court takes judicial notice of the judicial admissions made on the record by [Schmidt] in this action, that [Schmidt] is <u>not</u> pursuing a legal malpractice claim against either [Dubin] and accordingly, hereby enters partial summary judgment in favor of [Dubin], and against [Schmidt], on all of [Schmidt's] claims for legal malpractice, pursuant to HRCP 54(d).

Schmidt makes no argument on appeal that the Circuit Court erred in granting partial summary judgment on any legal malpractice claim, and therefore, any challenge to that ruling is waived.

Schmidt's sole argument is that the Circuit Court erred in concluding that his breach of contract claims against Dubin were time-barred as a matter of law.[3]

---

[3]     Schmidt makes no argument on appeal that the Circuit Court erred in concluding that claims other than the breach of contract claim were time-barred.  Therefore, any challenge to the entry of summary judgment with

(continued...)

3

The parties agree that the statute of limitations for a breach of contract claim is six years and that an action must be commenced within six years after the cause of action accrued, pursuant to HRS § 657-1(1).  The allegedly breached agreement was for Dubin to provide legal services to Schmidt in a separate suit that Schmidt had initiated *pro se* against Jerry A. Ruthruff (**Ruthruff Suit**).  Dubin argues that Schmidt's breach of contract cause of action accrued in 2006, because that was when Dubin "repudiated" Schmidt's claim that he had paid Dubin $100,000 to represent him, and Schmidt had knowledge of the facts necessary for him to bring a breach of contract action.  Schmidt argues that his breach of contract claims against Dubin did not accrue until November 18, 2013, when an order of dismissal was entered against him in the Ruthruff Suit.  Evidence was presented that Dubin did in fact repudiate Schmidt's claim and that a check payable to Dubin for $25,000 was to pay for his representation of Schmidt's son.  However, there is also evidence in the record that Dubin "threatened" to withdraw as counsel in the Ruthruff Suit in 2009 and that Dubin remained counsel of record until after the Ruthruff Suit was dismissed.

> Under Hawaiʻi law, "a right of action accrues whenever . . . a breach of . . . contract has occurred . . . as will give a right to then bring and sustain a suit." Schimmelfennig v. Grove Farm Co., 41 Haw. 124, 130 (1955); see also Waxman v. Citizens Nat. Trust & Sav. Bank of Los Angeles, 123 Cal.App.2d 145, 266 P .2d 48, 50 (1954) ("Ordinarily, a cause of action for breach of contract

---

[3](...continued)
respect to other claims identified in the first quoted paragraph of the Circuit Court's Order Granting MPSJ #1 is waived.  See HRAP Rule 28(b)(7).  Similarly, Schmidt makes no arguments concerning the Circuit Court's December 27, 2016 order granting Dubin's motion for partial summary judgment #2, and therefore any challenge to that order is waived.

> accrues on the failure of the promisor to do the thing contracted for at the time and in the manner contracted.")

> Water Comm'n of County of Hawaiʻi v. Nat'l Am. Ins. Co., 930 F.Supp. 1411, 1419 (1996).

Weidenbach v. Koolau Agr. Co., Ltd., No. 24315, 2009 WL 537098, *4 (Haw. App. Mar. 3, 2009) (SDO); see also Au v. Au, 63 Haw. 210, 219, 626 P.2d 173, 180 (1981) ("Normally, the statute of limitations begins to run on a contract when the contract is breached."). Nevertheless, this court has held:

> However, where a duty imposed prior to a limitations period is a continuing one, the statute of limitations is not a defense to actions based on breaches of that duty occurring within the limitations period[.] Furthermore, where a contract provides for continuing performance over a period of time, each breach may begin the running of the statute anew such that accrual occurs continuously. Thus, for the purposes of the statute of limitations, the effect of a continuing obligation in a contract is that the cause of action accrued anew every day for each continuation of the wrong.

Dominguez v. Price Okamoto Himeno & Lum, No. 28140, 2009 WL 1144359, *4 (Haw. App. Apr. 29, 2009) (SDO) (citations and quotation marks omitted).

Here, there is no ruling that an agreement existed between Schmidt and Dubin, only that the statute of limitations had run on any contract claims. We make no finding concerning the existence or terms of an agreement or contract between the parties. Yet, "the moment at which a statute of limitations is triggered is ordinarily a question of fact." Norris v. Six Flags Theme Parks, Inc., 102 Hawaiʻi 203, 206, 74 P.3d 26, 29 (2003) (citation omitted). The Circuit Court made no determination as to when Schmidt's alleged breach of contract cause of action accrued. Moreover, based on the record before the Circuit Court and the standards applicable to summary judgment, we conclude

that there is a genuine issue of material fact as to when an alleged breach of contract action accrued in this case. Therefore, the Circuit Court erred in concluding that Schmidt's breach of contract claims against Dubin were time-barred as a matter of law.

(2) Schmidt makes no argument in support of his second point of error, and therefore it is waived. See HRAP Rule 28(b)(7).

For these reasons, the Circuit Court's November 8, 2018 Judgment is affirmed in part and vacated in part. The Judgment is vacated with respect to the Circuit Court's granting of summary judgment on Schmidt's breach of contract claim(s) against Dubin on the grounds that they were time-barred. The Judgment is affirmed in all other respects. This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, March 28, 2024.

On the briefs:

Thomas F. Schmidt,
Plaintiff-Appellant, *Pro Se.*

Lois H. Yamaguchi,
Jodie D. Roeca,
(Roeca Luria Shin LLP),
for Defendants/Third-Party
  Plaintiffs/Third-Party
  Counterclaim-Defendants/
  Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge