158 So.2d 901

Joan E. WILLIAMS et al.

v.

Carrie M. WILLIAMS.

I Div. 172.

Supreme Court of Alabama.

Dec. 12, 1963.

Wm. G. Caffey, Jr., Caffey, Gallalee & Caffey, Mobile, for appellants.

MERRILL, Justice.

The National Life and Accident Insurance Company filed a bill of interpleader admitting a liability of $1,000 on an insurance policy issued on the life of William D. Williams, deceased, alleging conflicting claims between the decedent's mother and his two minor children by a former marriage. Woodmen of the World Life Insurance Society filed a similar bill of interpleader admitting a liability of $5,000 on a certificate insuring the decedent and showing the same conflicting claims as to the proceeds. The cases were consolidated and the trial court held that the children were entitled to the $1,000, and decedent's mother to the $5,000. The guardian ad litem for the minors appealed and the mother filed a cross-appeal.

William D. Williams and his wife Helen had two children, Joan and Michael, the two minors here involved. On June 8, 1955, a decree of divorce granted Helen the custody of the children and paragraph 12 of the decree provided:

> "It is further ORDERED and DECREED by the Court that RESPONDENT shall change beneficiary in the existing life insurance policy on his life presently in effect so as to name his above named minor children as irrevocable beneficiaries thereof; and he is further required to keep said insurance in effect during the minority of the said children."

Kilborn, Darby & Kilborn, Mobile, for appellee.

At that time, Williams had the $1,000 policy and the $5,000 certificate in effect and the named beneficiary was his wife Helen. Both policies provided for the right of the insured to change his beneficiary.

On May 6, 1959, Williams changed the beneficiary to his mother on the $5,000 policy or certificate, and on June 26, 1961, named his mother beneficiary on the $1,000 policy. Both Williams and his former wife married again, and Williams died on November 7, 1961. His mother and his two minor children filed claims with the respective insurers and they filed their bills of interpleader and paid the full sums of the policies into court.

The court found that it was the intent of the parties, based upon a property settlement agreement incorporated into the divorce decree, that the provisions of paragraph 12 of the decree apply to both policies, but the division of the proceeds between the claimants is based upon the following portion of the decree:

> "The minor children of said decedent became vested with an equitable interest in policy issued by National Life and Accident Insurance Company policy No. 993148, superior to that of the substituted beneficiary, Carrie M. Williams, unrestricted by the provisions of Title 28, Section 173 of the Code of Alabama.
>
> "Under the influence of Title 28, Section 173 and as construed by our Supreme Court, Summers vs. Summers, 218 Ala. 420 [118 So. 912], the minor claimants did not acquire a vested interest in the Woodmen of the World Life Insurance Society policy;."

The trial court properly awarded the $1,000 to the decedent's children.

■ A contract of life insurance, being a chose in action, may, before loss, be assigned to one having an insurable interest in the life of the insured, without consent of the insurer, unless the policy has a stipulation to the contrary, or when not prohibited by law or public policy. Hamilton v. Hamilton, 255 Ala. 284, 51 So.2d 13; Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 13, 134 So. 25.

■ An insured may assign a life insurance policy to a named beneficiary and thereby vest in him an irrevocable right to all its benefits. Hamilton v. Hamilton, supra; West End Savings Bank v. Goodwin, 223 Ala. 185, 135 So. 161.

■ The matter of change of beneficiary and assignment of policies are two separate and distinct things. An assignment is the transfer by one of his right or interest in property to another. The power to change the beneficiary is the power to appoint. Taylor v. Southern Bank & Trust Co., 227 Ala. 565, 151 So. 357.

■ An agreement by an insured, in consideration of the settlement of property rights by which he agrees to make his children the sole irrevocable beneficiaries of a policy of life insurance, vests them with an equitable interest therein which may not be defeated without their consent, and the insured cannot defeat the equitable right of a beneficiary by failing to act. He could not, in equity, be allowed to take advantage of his own wrong in breaching the property settlement and his estate is in no better position. Waxman v. Citizens Nat. Trust & Savings Bank of Los Angeles, 123 Cal.App.2d 145, 266 P.2d 48.

■ Here, the insured father had not only agreed to make his children the beneficiaries of the policy and keep it in force, but the agreement had been incorporated in the decree of the court and he had been ordered so to do.

The legal consequence of the decree in the divorce suit was to give the children a vested equitable interest in the policy, and the subsequent change of beneficiary did not establish superior rights in the new beneficiary. In violation of the agreement and the decree, the insured wrongfully at-

tempted to deprive his children of the proceeds of the policy by an attempted change of beneficiary. Equity will intervene and declare them the beneficiaries in the policy. Goodrich v. Massachusetts Mutual Life Ins. Co., 34 Tenn.App. 516, 240 S.W.2d 263.

We think the trial court would like to have applied the same rule to the $5,000 certificate issued by the Woodmen of the World Life Insurance Society. We, too, would be so inclined were it not for the statute and the positive holding in Summers v. Summers, 218 Ala. 420, 118 So. 912.

Title 28, § 173, Code 1940, provides in pertinent part:

"  *   *   *   no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable in conformity with the provisions of the contract of membership, and the member shall have full right to change his beneficiary, or beneficiaries, in accordance with the laws, rules, and regulations of the society."

When the Summers case was decided, the same statute was Sec. 8445, Code 1923. This court said:

"This declaration is positive and sweeping in its terms. If it were stated merely that such a beneficiary took no vested interest it might be fairly contended that this did not change the general principle which recognizes a vested equity in beneficiaries under the conditions predicated above; but, when it declares that *no* beneficiary shall *have or obtain any* vested interest before the death of the insured, we cannot avoid the very plain meaning of the words, nor deny to them the effect so plainly intended by the Legislature—an effect in line with all modern legislation on this subject, and specifically with the Uniform Fraternal Beneficiary Act. *  *  *

"Under the influence of this statute, the complainant did not acquire, and could not 'obtain,' any vested equity in

this policy unless she were the actual and nominal beneficiary therein at the time of the death of the insured,  *  *."

On rehearing, the court reiterated the holding by saying:

"The effect of the statute (section 8445 of the Code) is construed to mean that the insured cannot by contract create a vested right to any extent in a beneficiary of a policy within the operation thereof, and exempts such contracts from the rule permitting an assignment thereof, referred to in the case of McDonald v. McDonald, supra [212 Ala. 137, 102 So. 38, 36 A.L.R. 761]; Slaughter v. Grand Lodge, 192 Ala. 301, 68 So. 367.  *  *  *"

Appellants argue that the Summers case is either distinguishable or should be overruled. We cannot distinguish it and we do not think it should be overruled since the Code section was amended in nonpertinent respects by the legislature in 1931, subsequent to the Summers decision in 1928, but the substance of the pertinent part of the statute was retained. The applicable rule is that the re-enactment, or the amendment of a non-material part, of a statute which has been judicially construed is an adoption of the construction. State v. McKenney, 268 Ala. 165, 105 So.2d 439; Ex parte State ex rel. Lawson, 237 Ala. 591, 188 So. 242.

We are not to be understood as holding that a claim for $5,000 would not lie in favor of the children against the estate of their father. But in this interpleader action, the statute, Tit. 28, § 173, and its former construction by this court, controls, and the children did not obtain any vested interest in the proceeds of the certificate.

The trial court allowed the guardian ad litem an attorney's fee of $500, and an application has been made here for the allowance of a fee on appeal and the allowance of certain enumerated expenses. The court below is directed to allow the sum of $250, which includes the $94.20 expended by

**48**

the guardian ad litem on the bond premium and the transcript, out of the proceeds of the two policies paid into court, proportionately in accordance with the respective amounts thereof.

Affirmed and attorney's fee allowed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.