The Prudential Insurance Company of America (Prudential) filed a complaint of interpleader on February 12, 1979, admitting liability under a policy issued on the life of Daniel Posey, Sr., deceased, and alleging conflicting claims between decedent's son, Elton Posey, and his niece, Rosie Lee Posey. Prudential later amended its complaint to admit further liability under the accidental death provision of the policy. Prudential paid the full amount due into court and asked to be discharged from liability under Rule 22 (b), ARCP.
On August 13, 1979, the trial court, upon finding that there was no just reason for delay in entering a final judgment in favor of Prudential, expressly directed the entry of such a final judgment pursuant to Rule 54 (b), ARCP.
After an ore tenus hearing, the trial court held that Elton Posey was entitled to the proceeds of the policy and ordered payment to him. Rosie Lee Posey appeals from the trial court's final judgments in favor of Prudential and Elton Posey.
Prudential has filed a motion to dismiss the appeal from the final judgment in its favor as untimely filed. The judgment was filed on August 13, 1979. There was no post-trial motion concerning this judgment and the notice of appeal was filed on October 26, 1979, more than forty-two days after entry of the judgment. It is clear that the appeal in this case was not timely filed if the judgment entered on August 13, 1979, is a final judgment, appealable as such. Rule 54 (b), ARCP provides that in cases involving multiple parties the trial court may direct entry of a final judgment as to one or more but fewer than all of the parties upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. The trial court's order of August 13, 1979, met both of those requirements and was a final appealable judgment. Appellant's appeal from the judgment of August 13, 1979, was not timely filed. Bertschinger v. NationalSurety Corporation, 449 F.2d 746, 747 (9th Cir. 1971). Prudential's motion to dismiss the appeal from that judgment is granted.
Rosie Lee Posey also appeals from the trial court's judgment ordering payment of the proceeds to Elton Posey.
Daniel Posey, Sr., the deceased, was divorced on February 11, 1977, from Joyce Posey. The divorce decree included the following provision:
 5. That the Defendant shall forthwith execute or cause to be executed such documents as may be necessary and required to designate the minor child of the parties, namely: Elton Posey, as the irrevocable beneficiary of all of his life insurance. The Defendant shall maintain, keep in full force and effect, and pay the premiums on all of his said life insurance.
At the time of this divorce decree, the decedent had in effect the Prudential policy which is the subject of this controversy. At some time after the entry of this divorce decree, the decedent designated his niece, Rosie Lee Posey as the beneficiary under the policy.
The trial court found the case of Williams v. Williams,276 Ala. 43, 158 So.2d 901 (1963), dispositive of this issue. InWilliams the insured father was ordered in a divorce decree to make his children the beneficiaries of his life insurance policies. However, he designated his mother as beneficiary. In upholding the trial court's finding that the children should recover the proceeds of their father's life insurance policy the Alabama Supreme Court stated:
 The legal consequence of the decree in the divorce suit was to give the children a vested equitable interest in the policy, and the subsequent change of beneficiary did not establish superior rights in the new beneficiary. In violation of the agreement and the decree, the insured *Page 851 
wrongfully attempted to deprive his children of the proceeds of the policy by an attempted change of beneficiary. Equity will intervene and declare them the beneficiaries [of] the policy. 276 Ala. at 46, 158 So.2d at 903.
Although the appellant has tried to distinguish Williams on the basis that in that case the provision concerning the insurance was part of an agreement incorporated into the divorce decree, we find the principle stated in Williams to apply equally where there is no agreement. The trial court's judgment awarding the proceeds of the insurance policy to Elton Posey is affirmed.
The trial court awarded an attorney's fee of $500 to the guardian ad litem of Elton Posey. She has applied for allowance of a fee on appeal. The guardian ad litem is granted a fee of $300 for her services on appeal, such sum to be paid from the proceeds of the policy.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.