This appeal presents two issues:
(1) Whether the insurance proceeds payable on the death of Murry Ray must be divided equally between his three surviving children;
(2) Whether the trial court erred in refusing to award Ohio National Life Insurance Company attorney fees.
Murry Ray and his wife Barbara Ray were divorced. There were three children of the marriage; Jeffrey, Reena, and Heath Ray. An agreement was made a part of the divorce judgment, and that agreement provided:
 "8. The defendant [Murry Ray] shall keep his current $50,000.00 life insurance policy through Alabama Farmers Co-op in full force and effect with the minor children of the parties as primary beneficiaries *Page 916 
thereon. The Plaintiff [Barbara Ray] shall keep her current $10,000.00 life insurance policy in full force and effect with minor children of the parties as primary beneficiaries thereon. However, upon the youngest minor child reaching his majority, then and in such event, the Plaintiff and Defendant shall designate whomsoever they desire as beneficiary under the said life insurance policies."
In January 1986 they remarried each other, and remained married until Murry Ray's death in April 1987.
At the time of Murry Ray's death, Jeffrey Ray, his oldest son, was listed as the sole beneficiary under a policy of life insurance issued by Ohio National Life Insurance Company ("Ohio National"). After Murry Ray's death, Heath and Reena Ray demanded payment of two-thirds of the death benefits pursuant to the terms of the divorce decree. Jeffrey Ray demanded payment of all the proceeds under the life insurance policy, as the named primary beneficiary, and Barbara Ray filed a claim as administratrix of the estate of Murry Ray. Upon Ohio National's receiving the conflicting claims and being notified of the provisions of the divorce judgment, it filed an interpleader action, interpleading the insurance proceeds into the trial court, and requested an award of reasonable attorney fees. The trial court entered judgment granting each of the children one third of the life insurance proceeds. Jeffrey Ray appeals to this court, contending that he was due the total sum of the insurance proceeds.
The first issue presented here is whether the trial court erred in holding that the life insurance proceeds payable on the death of Murry Ray must be divided equally among his three surviving children. We hold that it did.
A fair reading of the agreement incorporated in the divorce decree supports the conclusion that the insurance was intended for the support of the children of the parties, in the event of the death of either party, until the youngest reached majority. When the parents remarried, these support provisions were mooted, as would have been any custody provisions, once the parties remarried. See Godec v. Godec, 346 So.2d 459
(Ala.Civ.App. 1977), Hardy v. Hardy, 46 Ala. App. 253, 240 So.2d 601 (1970).
This Court expressly considered the effects of remarriage concerning child custody provisions in a divorce judgment inEx parte Phillips, 266 Ala. 198, 95 So.2d 77 (1957), where we held that remarriage of the spouses to each other terminates the divorce court's jurisdiction and nullifies the provisions as to custody of the minor children. This result is equally applicable to support provisions of a judgment. Because the need for its power ceases, the divorce court loses its normally continuing jurisdiction and any power it had to enforce the judgment as it relates to support. See generally, 27C C.J.S. Divorce § 692 (1986).
At the time of Murry Ray's death, Jeffrey Ray was the sole primary beneficiary of the insurance policy in question. Any interest that Heath and Reena Ray may have had in the policy had terminated upon the remarriage of their parents to each other. Accordingly, Jeffrey Ray is entitled to the full amount of the proceeds due under that policy, and the judgment of the trial court must be reversed.
Counsel for Heath and Reena Ray urge this Court to hold to the contrary, relying on Williams v. Williams,276 Ala. 43, 158 So.2d 901 (1963). In Williams, the facts were similar, but with one critical distinction. There, the children were made irrevocable beneficiaries of the father's life insurance policy pursuant to a property settlement. Unlike support and maintenance provisions, property settlements do not become unenforceable upon the spouses' remarriage to each other, but rather are still enforceable by and between the parties. Upon the Rays' remarriage, the provisions in regard to maintenance and support became unenforceable.
Counsel for Heath and Reena Ray contend that the holding inFrawley v. U.S. Steel Mining Co., 496 So.2d 731 (Ala. 1986), warrants a contrary holding. However, in *Page 917 Frawley, the spouses never remarried each other, so that the divorce judgment was still in full force and effect at the time of the father's death; this warranted a favorable holding as to the children who, under the divorce judgment, were supposed to have been named as beneficiaries.
The second issue presented here is whether the trial court erred in refusing to award Ohio National Life Insurance Co. attorney fees. We hold that it did not.
The imposition of attorney fees in an interpleader action is left to the discretion of the trial court. Rule 22, A.R.Civ.P. Absent a clear showing of abuse of this discretion, this Court will not disturb the trial court's decision in regard to the allowance or disallowance of attorney fees. The trial judge is in a position to make a more informed decision in this regard.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.