This is an action of interpleader brought by Metropolitan Life Insurance Company with the ex-wife and the widow of the decedent claiming the death benefits of a policy on the decedent's life.
The trial court granted summary judgment in favor of the insured decedent's widow, Earnestine Jones McKinnis, the named beneficiary under the policy. The decedent's ex-wife, Georgia Ann McKinnis, appeals. We reverse.
The dispositive issue is whether the ex-wife is entitled to the proceeds of the subject insurance policy as a matter of law where her former husband was ordered by a divorce decree to name her as beneficiary and to be responsible for the "premiums due thereon."
The record reveals that the decedent, Ollie McKinnis, and his ex-wife were divorced on October 20, 1977. The divorce decree, in pertinent part, ordered the following:
 "6. THAT, the [husband] shall name the [wife] as the primary beneficiary on his existing life insurance policy with Metropolitan Life Insurance Company so long as the [wife] shall live or remain unmarried, and that the [husband] shall be responsible for the premiums due thereon."
The ex-wife was the original beneficiary of the policy. Prior to the time of the divorce, the widow was named beneficiary. Although the beneficiary designation was changed several times thereafter, the widow was the named beneficiary at the time of the decedent's death. The ex-wife was never named beneficiary subsequent to the divorce as required by the divorce decree. The ex-wife never remarried, and after the decedent's death, both the ex-wife and the widow filed claims for the policy proceeds.
We find this situation to be analogous to Williams v.Williams, 276 Ala. 43, 158 So.2d 901 (1963). In Williams, the Alabama Supreme Court held that a court decree incorporating a settlement agreement, in which the deceased husband was ordered to make his children beneficiaries of an insurance policy, gave the children a vested equitable interest in the policy. The court found that the change of beneficiary from *Page 453 
the former wife to the mother of the decedent did not establish superior rights in the mother, and the children were declared the beneficiaries.
The principle stated in Williams also was found to apply where there was no agreement between the parties, but a court order required the husband to name his minor child as beneficiary. Although the decedent named his niece as beneficiary instead, the child was found to be the proper recipient of the insurance proceeds. Posey v. PrudentialInsurance Co., 383 So.2d 849 (Ala.Civ.App. 1980).
In the instant case, we look to the intent of the divorce decree and find that it clearly mandates that the ex-wife be named as beneficiary. Therefore, we find that the ex-wife has a vested equitable interest in the policy and that the decedent had no power to name anyone else as beneficiary.
The widow contends that preemptive federal law mandates that the policy be paid according to its terms, notwithstanding an inconsistent state court divorce decree. This contention is raised for the first time on appeal, and while we are aware that we can support the trial court for any valid legal ground, we find that we are unable to do so as to this contention because there is insufficient evidence in the record to determine the mechanics of the policy and, therefore, to determine which of the federal statutes would apply.
Accordingly, the judgment of the circuit court is reversed and the cause is remanded with instructions for the trial court to enter an order consistent with this opinion.
The ex-wife has requested an attorney's fee for representation on appeal, but cites no authority to allow such an award, and we know of none. Therefore, the request for an attorney's fee is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.