600 So.2d 1016 (1992)
Ex parte Gordon E. HARDY.
(In re Gordon E. HARDY
v.
Christina A. HARDY).
1910876.
Supreme Court of Alabama.
June 19, 1992.
Gordon F. Bailey, Jr. of Bolt, Isom, Jackson & Bailey, Anniston, for petitioner.
James M. Campbell of Campbell & Hopkins, Anniston, for respondent.
HOUSTON, Justice.
WRIT DENIED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
I would issue the writ in this case to review the holding of the Court of Civil Appeals that a remarriage of divorced parties does not affect child support payments ordered to be paid in the original divorce judgment.
Alabama law regarding the effect of remarriage upon provisions in a divorce judgment involving children was succinctly stated in Ray v. Ohio National Life Ins. Co., 537 So.2d 915, 916 (Ala.1989), as follows:
"This Court expressly considered the effects of remarriage concerning child custody provisions in a divorce judgment in Ex parte Phillips, 266 Ala. 198, 95 So.2d 77 (1957), where we held that remarriage *1017 of the spouses to each other terminates the divorce court's jurisdiction and nullifies the provisions as to custody of the minor children. This result is equally applicable to support provisions of a judgment. Because the need for its power ceases, the divorce court loses its normally continuing jurisdiction and any power it had to enforce the judgment as it relates to support. See generally, 27C C.J.S. Divorce § 692 (1986)."
Although the law regarding the effect of a divorce judgment ordering the payment of money is not crystal clear,[1] it seems quite clear to me that this Court has unequivocally held that a remarriage of the parties nullifies the support provisions of a divorce judgment. Ray v. Ohio National Life Ins. Co., supra.
My law school professor of domestic relations periodically advised us that "when you are dealing with domestic relations you have to get down a different set of books." The Court of Civil Appeals, in my opinion, treats an arrearage in child support payments ordered by a divorce judgment as if it were a civil debt, like any other civil debt, and in doing so does not get down that different set of books, which I believe hold that a remarriage of the parties extinguishes any prior obligation growing out of the prior divorce. Because I believe that the remarriage of the parties did extinguish any arrearage of child support payments, I would review the opinion of the Court of Civil Appeals, which holds otherwise.
NOTES
[1] Ex parte Morgan, 440 So.2d 1069 (Ala.1983), holds that past-due installments of child support under an Alabama divorce judgment need not be reduced to a money judgment before garnishment proceedings are begun, because past-due installments of child support create a final money judgment; yet, in Austin v. Austin, 364 So.2d 301 (Ala.1978), a plurality held that a disputed claim for past-due child support under a divorce judgment could not be allowed as a claim against an estate unless first reduced to a money judgment.