Donna Sue Brown appeals from a summary judgment imposing a constructive trust on the proceeds of two life insurance policies. The life insurance policies had covered the life of her deceased husband, Ronald Brown. Donna was the designated beneficiary under both policies. The constructive trust is based on the terms of a 1978 judgment of divorce that ended Ronald's marriage to his former wife, Susan Brown, now known as Susan Self. The judgment of divorce incorporated an agreement between Ronald and Susan that required Ronald to designate his minor son, Brandon Heath Brown, as the "irrevocable beneficiary" of certain life insurance policies issued on the life of Ronald. On appeal, Donna attacks the summary judgment and its constructive trust with several arguments relating to: whether Brandon had acquired a vested equitable interest in the two policies that are the subject of the constructive trust; whether Ronald's legal custody of Brandon, subsequent to the 1978 judgment of divorce, eliminated his obligation to designate Brandon as the irrevocable beneficiary of the life insurance policies; and, whether the trial court had the authority to impose a constructive trust where Donna had not been guilty of any fraud or wrongdoing.
The material, undisputed facts are as follows:
In 1976, while Ronald was married to Susan, their son Brandon was born. In 1978, Ronald and Susan were divorced. Under the judgment of divorce, Susan received legal custody of Brandon. The judgment of divorce also included the following provision:
 "Defendant shall assign to the minor child, Brandon Heath Brown, and make him irrevocable beneficiary on the life insurance policy (# 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) carried through his employer, American Cast Iron Pipe Company ['ACIPCO'] in the sum of Twelve Thousand ($12,000.00) Dollars; Defendant shall also assign to the minor child and make him irrevocable beneficiary on the life insurance policy (# 179 0175) carried through Liberty National Life Insurance Company in the sum of Fifteen Thousand ($15,000.00) Dollars; Defendant shall also continue to pay the premiums on these above mentioned life insurance policies, during the minority of said child; this assignment shall expire upon said child reaching majority."
Accordingly, Ronald designated Brandon as the beneficiary under both of these policies.
Donna testified in deposition that in 1980 "We got custody of [Brandon]."1 Afterwards, Ronald designated his second wife, Donna, as the beneficiary of the ACIPCO policy. Ronald also allowed the Liberty National policy to lapse, and he purchased a third life insurance policy from Alfa Insurance Company as a replacement for the lapsed Liberty National policy. The Alfa policy was for $25,000, and Donna was its designated beneficiary. In 1989, Ronald's health deteriorated and Brandon returned to live with Susan. Ronald died in 1990. *Page 367 
The proceeds from the ACIPCO policy and the Alfa policy were paid to Donna, the designated beneficiary on both policies.
Susan filed an action requesting the imposition of a constructive trust on the proceeds of the two policies. The trial court imposed a constructive trust on all of the proceeds of the $12,000 ACIPCO policy and on $15,000 of the proceeds of the $25,000 Alfa policy and awarded interest. The summary judgment ordered Donna Brown to surrender a total of $28,687.50.
On this appeal, Donna attacks the trial court's determination that the judgment of divorce gave Brandon a vested equitable interest in the proceeds of the ACIPCO policy and the Liberty National policy. She also argues that Ronald's insurance obligation in the judgment of divorce was in the nature of child support, and, as such, ceased to exist when, she says, Ronald received legal custody of Brandon. Donna's final argument is that the trial court lacked authority to impose a constructive trust against her because she was not guilty of fraud or wrongdoing.
In a factually similar case, Williams v. Williams, 276 Ala. 43, 158 So.2d 901 (1963), the divorce judgment required the father to designate his minor children as the "irrevocable beneficiaries" of his existing life insurance policy. The father subsequently designated another person as the beneficiary, and died thereafter. In affirming the trial court's award of the proceeds to the decedent's children, this Court stated:
 "A contract of life insurance, being a chose in action, may, before loss, be assigned to one having an insurable interest in the life of the insured, without consent of the insurer, unless the policy has a stipulation to the contrary, or when not prohibited by law or public policy. Hamilton v. Hamilton, 255 Ala. 284, 51 So.2d 13; Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 13, 134 So. 25.
 "An insured may assign a life insurance policy to a named beneficiary and thereby vest in him an irrevocable right to all its benefits. Hamilton v. Hamilton, supra; West End Savings Bank v. Goodwin, 223 Ala. 185, 135 So. 161.
 "The matter of change of beneficiary and assignment of policies are two separate and distinct things. An assignment is the transfer by one of his right or interest in property to another. The power to change the beneficiary is the power to appoint. Taylor v. Southern Bank Trust Co., 227 Ala. 565, 151 So. 357.
 "An agreement by an insured, in consideration of the settlement of property rights by which he agrees to make his children the sole irrevocable beneficiaries of a policy of life insurance, vests them with an equitable interest therein which may not be defeated without their consent, and the insured cannot defeat the equitable right of a beneficiary by failing to act. He could not, in equity, be allowed to take advantage of his own wrong in breaching the property settlement and his estate is in no better position. Waxman v. Citizens Nat. Trust Savings Bank of Los Angeles, 123 Cal.App.2d 145, 266 P.2d 48."
Williams, 276 Ala. at 46, 158 So.2d at 903. These rules have been applied with like results in several later cases. SeeFrawley v. U.S. Steel Min. Co., 496 So.2d 731 (Ala. 1986);McKinnis v. McKinnis, 564 So.2d 451 (Ala.Civ.App. 1990);Posey v. Prudential Ins. Co., 383 So.2d 849 (Ala.Civ.App.), cert. denied, 383 So.2d 851 (Ala. 1980).
In the present case, the judgment of divorce required Ronald to "assign to" and "make [Brandon the] irrevocable beneficiary" of the ACIPCO policy and of the Liberty National policy. Given the rule of Williams, the argument that Brandon did not acquire a vested equitable interest in the $12,000 ACIPCO policy is without merit. The Liberty National policy, however, has lapsed. Donna contends that, even though the Alfa policy was purchased as a replacement, the application of the principle announced in Rau v. Rau, 429 So.2d 593 (Ala.Civ.App. 1982), prevents imposition of a constructive trust on the $15,000 of the $25,000 Alfa policy. *Page 368 
Like the present case, Rau involved the trial court's imposition of a constructive trust on the proceeds of a life insurance policy. The trial court in Rau relied on Williams,supra, and imposed the constructive trust because a previous judgment of divorce required the father "to keep in force and effect a then existing life insurance policy on his life with the parties' minor children named as irrevocable beneficiaries and to provide proof of premium payments thereon." 429 So.2d at 594. The father subsequently remarried. Later, the father changed employers and, through his new employer, obtained a $10,000 group life insurance policy. He designated his second wife as the beneficiary under this policy. After the father's death, the proceeds of the insurance policy were paid to his second wife. His former wife then filed an action to have a constructive trust imposed on the proceeds. The former wife's action was based on the father's alleged violation of the judgment of divorce.
The trial court entered a judgment imposing the constructive trust, but the Court of Civil Appeals reversed the judgment and rendered a judgment for the second wife. The reversal was based on the fact that the life insurance policy could not have been the life insurance policy described in the judgment of divorce and the fact that the former wife offered no evidence that the decedent intended it to be a replacement for the life insurance policy described in the judgment of divorce. The Court of Civil Appeals stated:
 "A constructive trust is a creation of equity that operates to prevent unjust enrichment; such trust may be imposed when [a] property interest has . . . been acquired by fraud, or where, in the absence of fraud, it would be inequitable to allow [a] property interest to be retained by the person who holds it. Coupounas v. Morad, 380 So.2d 800
(Ala. 1980). Applying that definition to the facts of this case, we are unable to find any property interest, either legal or equitable, of appellees in the proceeds of a policy of insurance which did not exist at the time of the decree of divorce. There is no evidence other than speculation as to the fate of the policy in which the appellees did acquire an equitable interest under the holding of
Williams. There is no evidence that that policy was intentionally dropped and the present policy purchased in its place in order to fraudulently evade the children's interest and the court's decree. To the contrary, it is undisputed that the policy here was issued as an employment benefit without cost to the father and at the time of some five years subsequent to the decree. There is no evidence of an unjust enrichment to the appellant of property which should equitably belong to appellees. No fraud can be ascribed to appellant. We therefore can find no basis in equity for attachment of a constructive trust to the proceeds of the insurance policy."
Rau, 429 So.2d at 595 (emphasis added).
We do not necessarily adopt all of the reasoning of the Court of Civil Appeals in Rau. The intent of the insured to evade the court order by replacing the court-ordered policy may not be as important as the fact of the violation of the order. Nevertheless, a court in equity may certainly take such an intent into consideration in determining whether to impose a constructive trust. Even assuming Ronald's intent in replacing the policy to be a material consideration, the proof here overcomes the deficiencies cited by the Court of Civil Appeals in Rau. Here, the Alfa policy was purchased as a replacement for the Liberty National policy described in the judgment of divorce. Not only does the evidence in the record show that Ronald purchased the Alfa policy about the same time he allowed the Liberty National policy to lapse, but Donna's deposition testimony admits that Ronald purchased the Alfa policy as a replacement for the Liberty National policy. Because Williams,supra, would require that Brandon receive the proceeds of the $15,000 Liberty National policy, if it were still in effect, the trial court acted within its equitable discretion in imposing a constructive trust on $15,000 of the $25,000 proceeds of the Alfa policy, especially in light of the evidence that the Alfa policy *Page 369 
was purchased as a replacement for the court-ordered Liberty National policy.
Donna argues vigorously that Williams and Rau should not control the present situation because those decisions dealt with insurance benefits as property settlements, whereas, she says, the insurance benefits here constitute child support. Donna maintains that Ronald's duty to provide support as embodied in the divorce judgment ceased to exist because, she said, Brandon had been under Ronald's legal custody after 1980 and had lived with him until 1989.
Admittedly, the relevant provision in the divorce judgment is equivocal at best. The use of the term "irrevocable beneficiary" seems to suggest a vested legal or equitable property interest in the insurance proceeds, but the terminating contingency — the lapse of the "assignment" upon the age of majority — seems to imply that the benefits were intended as child support. Furthermore, our recent decision inWhitten v. Whitten, 592 So.2d 183 (Ala. 1991), addresses the distinction between child support and property settlement in this type of situation and illustrates the possible importance of the distinction.
In Whitten, William and Zola Whitten's divorce judgment required that William keep in full force and effect all life insurance on his life payable to his then minor son. The judgment named the son the "irrevocable beneficiary" of the policy. Later, William substituted other members of his family as beneficiaries in place of his son, in violation of the divorce judgment. Following the death of William, the son brought suit, relying on Williams for the proposition that the decree "created an indefeasible equitable interest in the proceeds of the policy." Williams, supra, at 185.
The Whitten court rejected the son's argument, reversing the trial court's award of the proceeds to the son. Justice Adams distinguished Williams, noting that it specifically dealt with property settlements, which are by definition not modifiable by either one or both of the parties. See Holland v. Holland,406 So.2d 877 (Ala. 1981). Because the Court characterized the provision in Whitten as child support, it refused to followWilliams. Arguably, the provision in the divorce judgment here is even closer to child support than the one in Whitten, because here the "assignment" to Brandon is expressly made to terminate upon his reaching the age of majority. Whitten, however, does not stand for the proposition that the insured can change the beneficiary named in the divorce judgment simply because the benefits are characterized as child support rather than as part of a property settlement or division. The Whitten
decision ultimately rests on the fact that the son seeking to enforce the divorce judgment was past the age of majority at the death of the father and thus was not eligible to receive child support. In Alabama, adult children may not be awarded child support benefits, absent special circumstances. Ex parteBrewington, 445 So.2d 294 (Ala. 1983); Ex parte Bayliss550 So.2d 986 (Ala. 1989).
Here, Brandon had not reached the age of majority when his father died on July 20, 1990. Therefore, the State may still exercise its inherent power of parens patriae and enforce the divorce judgment in favor of Brandon, as one of its minor citizens. See generally R.J.D. v. Vaughn Clinic, 572 So.2d 1225
(Ala. 1990) (Adams, J., dissenting). Moreover, Donna's testimony regarding any legal change of custody was equivocal and imprecise at best, and she has not introduced a judgment modifying the original judgment giving Susan custody. Thus, there is not even substantial evidence that custody was legally changed, much less that any amendment to the judgment terminated Ronald's duty to provide support for Brandon. Hence, whether the provision in the judgment is viewed as a property division or as child support, it has not been shown to have been superseded. Without modification of that judgment, Ronald was not free to simply change the beneficiary on the policy in derogation of the divorce judgment.
Donna's last argument is that the trial court could not impose the constructive *Page 370 
trust because she was not guilty of fraud, wrongdoing, abuse of a confidential relationship, or any other form of unconscionable conduct. This argument is without merit.
 "A constructive trust 'bears much the same relation to an express trust that a quasi contractual obligation bears to a contract. . . . [A]n obligation is imposed not because of the intention of the parties but to prevent unjust enrichment.' 3 Scott on Trusts § 462.1 (1939).
 "Equity may impress a constructive trust on property in favor of one beneficially entitled thereto when another holds title to the property by fraud, commission of wrong, abuse of a confidential relationship, or any other form of unconscionable conduct. Keeton, Law of Trusts, 210 (5th ed. 1949); 4 Pomeroy, Equity Jurisprudence, § 1053 (5th ed. 1941); Walsh on Equity, § 106 (1930). . . .
 "Equity may also impress a constructive trust on property in favor of one beneficially entitled thereto against a person, who, against the rules of equity and against good conscience, in any way either has obtained or holds and enjoys legal title to property that in justice that person ought not to hold and enjoy. 3 Scott on Trusts § 462.1 (1939); Restatement (Restitution) § 160, Comment A (1937).
 " 'A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.'
 "Betty v. Guggenheim Exploration Co., 225 N.Y. 380, 122 N.E. 378, 380 (1919)."
American Family Care, Inc. v. Irwin, 571 So.2d 1053, 1058 (Ala. 1990) (emphasis added). See Rau, 429 So.2d at 595; Brothers v.Moore, 349 So.2d 1107 (Ala. 1977); Beasley v. Mellon FinancialServices Corp., 569 So.2d 389 (Ala. 1990).
For these reasons, the summary judgment imposing a constructive trust for the benefit of Brandon is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.
1 Susan does not dispute that Ronald had custody of Brandon beginning in 1980, but she denies that the above-quoted portion of the judgment was modified or superseded. Donna did not produce a copy of an order modifying custody or any evidence of the terms of such an order. When asked in deposition if she knew of anything than changed Ronald's obligation to maintain the insurance for Brandon's benefit, she answered, "I never read in the modified decree. I never read that, that it was to stay that way." This was her only evidence that there was an order changing custody.