978 So.2d 768 (2007)
Julie DOWNS
v.
Denise Ann DOWNS.
2050964.
Court of Civil Appeals of Alabama.
April 13, 2007.
Rehearing Denied June 15, 2007.
Certiorari Denied August 31, 2007.
Gerald D. Colvin, Jr., and Lucy A. Hester of Bishop, Colvin, Johnson & Kent, Birmingham, for appellant.
Will Beard and Jim Beard of Beard & Beard, Guntersville, for appellee.
Alabama Supreme Court 1061380.
THOMPSON, Presiding Judge.
William M. Downs ("the husband") and Denise Ann Downs ("the first wife") were divorced by a November 21, 1995, judgment of the trial court. That divorce judgment incorporated an agreement reached by the parties that provided, in pertinent part:
"The husband and [the first] wife agree that they will maintain the $75,000 life-insurance policy presently in force with Allstate [Life] Insurance Company by each paying one-half the monthly premiums until such time as said policy is paid up. The parties agree that the *770 husband will pay his one-half [of] the premium in the amount of $35 per month to the [first] wife and that the [first] wife will pay the total premium when due."
At the time of the divorce judgment, the first wife was listed as the beneficiary of the life insurance policy ("the life insurance policy") issued by Allstate Life Insurance Company ("Allstate"). After the husband and the first wife divorced, the husband married Julie Downs ("the second wife"). In October 2004, the husband changed the beneficiary of the life insurance policy to the second wife, rather than the first wife. It is undisputed that the husband and the first wife continued to comply with the payment portion of the above-quoted provision (hereinafter "the relevant provision") of the divorce judgment by each paying ½ of the premiums until the husband's death on December 20, 2004. Following the husband's death, the first wife and the second wife each contacted Allstate to assert a claim to the proceeds of the life insurance policy.
Faced with the competing claims, Allstate filed in the trial court a complaint for interpleader, paying the proceeds of the insurance policy plus interest into the trial court. In its complaint, Allstate requested, among other things, that the trial court determine the lawful beneficiary of the insurance policy and that it be discharged from any further liability in the matter and dismissed from the action. The first wife and the second wife each filed motions for a summary judgment in which each asserted a claim to the proceeds of the life insurance policy.
In August 2005, the trial court entered an order dismissing Allstate as a party to the action. See Rule 22(b), Ala. R. Civ. P. ("Any party seeking interpleader . . . may deposit with the court the amount claimed, . . . and the court may thereupon order such party discharged from liability as to such claims, and the action continued as between the claimants of such money or property."). The trial court certified that order as final pursuant to Rule 54(b), Ala. R. Civ. P, and neither the first wife nor the second wife appealed that order. Allstate is not a party to this appeal.
Also in August 2005, the trial court received oral arguments on the remaining parties' claims to the proceeds of the life insurance policy. On June 21, 2006, the trial court entered a judgment in favor of the first wife. In ruling in favor of the first wife, the trial court found that the relevant provision of the divorce judgment restricted the husband from altering the beneficiary of the life insurance policy. The second wife timely appealed, challenging that conclusion. The appeal was transferred to this court by our supreme court pursuant to § 12-2-7, Ala.Code 1975.
The pertinent facts of this case, set forth above, are not in dispute. The issue to be resolved in this appeal is whether the trial court correctly concluded that the relevant provision of the divorce judgment prohibited the husband from changing the designation of the beneficiary of the life insurance policy from the first wife to the second wife.
"The trial court based its decision on the pleadings, documentary and other evidence introduced at the hearing on the motion for a summary judgment, and arguments of counsel. `[W]hen a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those undisputed facts.' Craig Constr. Co. v. Hendrix, 568 So.2d 752, 756 (Ala.1990). . . . `[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court's review is de novo."' Rogers Found. Repair, Inc. v. Powell, 748 So.2d *771 869, 871 (Ala.1999) (quoting Ex parte Graham, 702 So.2d 1215, 1221 (Ala. 1997)). See also Hacker v. Carlisle, 388 So.2d 947, 950 (Ala.1980) (trial court's judgment is afforded no presumption of correctness in a case tried without a jury on stipulations, briefs, and documentary evidence and in which no testimony was admitted on any material matter)."
Moss v. Williams, 822 So.2d 392, 394-95 (Ala.2001).
We note that the appellate courts of this state have considered cases in which a provision of a divorce judgment pertaining to maintaining a life insurance policy specified that the former spouse or the parties' children remain primary beneficiaries or irrevocable beneficiaries of the policy. See Williams v. Williams, 276 Ala. 43, 158 So.2d 901 (1963); Brown v. Brown, 604 So.2d 365 (Ala.1992); McKinnis v. McKinnis, 564 So.2d 451, 452 (Ala.Civ.App.1990); and Posey v. Prudential Ins. Co., 383 So.2d 849 (Ala.Civ.App.1980). In this case, however, the relevant provision does not, through its express language, make reference to maintaining a specific beneficiary. Therefore, the second wife contends that the language of the relevant provision requires only that the parties "maintain" the life-insurance policy merely by paying the premiums and that it did not restrict the husband from altering the designation of the beneficiary of the policy. In response, the first wife argues that the relevant provision clearly required the husband and the first wife to preserve the life insurance policy in the same state in which it existed at the time the divorce judgment was entered and, therefore, that she was the only lawful beneficiary under the life insurance policy.
In arguing their positions before this court, both parties contend that the relevant provision is clear and unambiguous. In its June 21, 2006, judgment, the trial court concluded that the provision was unambiguous. "The mere fact that adverse parties contend for different constructions does not of itself force the conclusion that the disputed language is ambiguous." Antram v. Stuyvesant Life Ins. Co., 291 Ala. 716, 720, 287 So.2d 837, 840 (1973).
"A judgment of divorce is to be interpreted or construed like other written instruments." Sartin v. Sartin, 678 So.2d 1181, 1183 (Ala.Civ.App.1996).
"Whether an agreement is ambiguous is a question of law. . . . Terry Cove North v. Baldwin County Sewer Authority, Inc., 480 So.2d 1171 (Ala.1985). When the agreement is reasonably susceptible to more than one meaning, an ambiguity exists. The instrument is unambiguous if only one reasonable meaning clearly emerges. Blue Cross & Blue Shield of Alabama v. Beck, 523 So.2d 121 (Ala.Civ.App.1988). The words of an agreement are to be given their ordinary meaning, and the intention of the parties is to be derived from the provisions of the contract. Smith v. Citicorp Person-to-Person Financial Centers, Inc., 477 So.2d 308 (Ala.1985). When the provisions are certain and clear, it is the duty of the trial court to analyze and determine the meaning of the provisions. Pate v. Merchants National Bank of Mobile, 428 So.2d 37 (Ala.1983)."
Vainrib v. Downey, 565 So.2d 647, 648 (Ala.Civ.App.1990). "Consistent with the foregoing principles, our cases hold that a trial court has the inherent authority to interpret, implement, or enforce its own judgments." Jardine v. Jardine, 918 So.2d 127, 131 (Ala.Civ.App.2005).
In determining that the relevant provision of the divorce judgment was unambiguous, the trial court concluded:

*772 "[T]he court first looks to the applicable provision of the separation agreement and the plain language therein. The wording of said provision states that, the husband and [the first] wife agree that they will maintain the insurance policy presently in force. As defined in Black's Law Dictionary, to `maintain' means to `hold or preserve in any particular state of condition; keep from change.'"
In reaching its ultimate determination with regard to the merits, the trial court concluded:
"That [the husband] did not `maintain' the life-insurance policy in its existing state as it was when he and [the first wife] entered into their separation agreement, [The husband] did cause the policy's beneficiary to be changed to reflect the name of [the second wife]. The separation agreement clearly mandates that the changing of any of the policy's provisions, including that of the named beneficiaries, was prohibited. Upon the signing of the separation agreement between [the husband] and [the first wife], each of them became vested with an equitable interest in the policy and neither of them retained the power to change the then-named beneficiaries."
The second wife advocates that we apply other definitions from Black's Law Dictionary of the word "maintain" instead of the definition cited by the trial court in its judgment. However, in interpreting the relevant provision, the word "maintain" is not to be read in isolation, and the entire provision must be examined in determining its meaning. This court has explained:
"[I]n Horsley v. Horsley, 390 So.2d 1058 (Ala.Civ.App.), cert, denied, 390 So.2d 1060 (Ala.1980), we stated the rule for construction of judgments when we said:
"`Judgments and decrees are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties. Price v. Price, Ala.Civ.App., 360 So.2d 340 (1978); Reeder v. Reeder, Ala. Civ. App., 356 So.2d 202 (1978). Suck intent can be derived from the provisions of the agreement. Reeder v. Reeder, supra.'

"Thus, where a judgment can be construed in such a manner as to express the intention of the parties, it must stand."
Epperson v. Epperson, 437 So.2d 571, 572 (Ala.Civ.App.1983) (emphasis added). Further, "`[a]mbiguities will not be inserted into contracts [(or judgments)] by strained and twisted meaning where no such ambiguities exist.'" Ex parte Awtrey Realty Co., 827 So.2d 104, 108 (Ala. 2001) (quoting P & S Bus., Inc. v. South Cent. Bell Tel. Co., 466 So.2d 928, 931 (Ala.1985), citing Michigan Mut. Liab. Co. v. Carroll, 271 Ala. 404, 123 So.2d 920 (I960)).
In this case, the clear language of the relevant provision of the divorce judgment requires that the husband and the first wife "maintain the $75,000 life-insurance policy presently in force with Allstate. . . ." (Emphasis added.) The provision specifies that the policy will be maintained by the husband and the first wife sharing the cost of the premiums. Importantly; although the husband and the first wife were to share the cost of the premiums, the relevant provision specified that after receiving the husband's share of the premium for the life insurance policy, the first wife was to pay the total premium to the insurance company. Thus, the specification that the first wife be in charge of ensuring that the policy premiums be paid indicates that the trial court and the parties *773 intended to allow the first wife to protect and maintain her interest in the policy by ensuring that the premiums were in fact paid and were paid in a timely fashion. It is difficult to accept that the first wife would agree, or the trial court would order her, to be the party in charge of preserving the insurance policy on the husband's life but allow for the possibility that her doing so would inure to the benefit of a different beneficiary, such as the second wife. In interpreting a judgment, "[w]e are free to review `all the relevant circumstances surrounding the judgment,' and `the entire judgment . . . should be read as a whole in the light of all the circumstances as well as of the conduct of the parties.'" Boykin v. Law, 946 So.2d 838, 848 (Ala.2006) (quoting Hanson v. Hearn, 521 So.2d 953, 955 (Ala.1988)).
In this case, the trial court determined that the relevant provision confined the husband to maintaining the policy, including the designation of the beneficiary, as it existed at the time of the divorce judgment. "Such a construction is a reasonable reading of the parties' intent." Gilliland v. Gilliland, 422 So.2d 299, 301 (Ala. Civ.App.1982). We affirm the trial court's determination that the relevant provision of the divorce judgment unambiguously prohibited the alteration of the designation of the beneficiary from that that existed at the time of the divorce judgment. Accordingly, the trial court's judgment in favor of the first wife is affirmed.
AFFIRMED.
PITTMAN and BRYAN, JJ., concur.
MOORE, J., dissents, with writing, which THOMAS, J, joins.
MOORE, Judge, dissenting.
I respectfully dissent. The clause in the 1995 divorce judgment at issue in this case provides:
"The husband and [the first] wife agree that they will maintain the $75,000 life-insurance policy presently in force with Allstate Insurance Company by each paying one-half the monthly premium until such time as said policy is paid up. The parties agree that the husband will pay his one-half the premium in the amount of $35.00 per month to the [first] wife and that the [first] wife will pay the total premium when due."
It is undisputed that at the time of the entry of the divorce judgment the first wife was listed as the beneficiary in the case of the husband's death; however, in 2004, the husband changed the beneficiary to his then current wife.
The sole issue to be decided in this case is whether the divorce judgment precluded the husband from changing beneficiaries. While the appellate courts of this state have issued numerous opinions finding that a divorce judgment vested the ex-spouse or children with an equitable' interest in the proceeds of a life insurance policy that prevented a change of beneficiary without their consent, in every one of those cases the divorce judgment unambiguously declared that the life insurance policy was to be maintained for the benefit of the ex-spouse or children. See, e.g., McKinnis v. McKinnis, 564 So.2d 451, 452 (Ala.Civ. App.1990) (construing divorce judgment ordering husband to "`name the [wife] as the primary beneficiary on his existing life insurance policy . . . so long as the [wife] shall live or remain unmarried'"); Williams v. Williams, 276 Ala. 43, 46, 158 So.2d 901, 903 (1963) (construing divorce judgment requiring husband to make minor children "irrevocable beneficiaries" of life-insurance policy and to keep said insurance in effect during the minority of the children); Brown v. Brown, 604 So.2d 365 (Ala.1992) (divorce judgment ordered husband to name child "irrevocable beneficiary" *774 of life insurance policy); Frawley v. U.S. Steel Mining Co., 496 So.2d 731 (Ala. 1986) (construing agreement to make minor child "irrevocable beneficiary"); and Posey v. Prudential Ins. Co. of America, 383 So.2d 849 (Ala.Civ.App.1980) (declaring effect of divorce judgment requiring husband to designate minor child "irrevocable beneficiary" of life insurance policy).
Unlike the above-cited cases, in the present case the language used in the divorce judgment makes no mention of the beneficiary of the policy and does not specifically indicate that the beneficiary designation cannot be changed. Instead, the language merely requires each party to pay a portion of the insurance premiums. Also unlike the above-cited cases, one cannot infer from the language of the divorce judgment in this case that the parties intended the designation of the beneficiary to be irrevocable. Although no particular language must be used to evidence an intent to make a beneficiary designation irrevocable, the language must indicate in some manner that the policy is to be maintained for the benefit of the party claiming a right to its proceeds.
In this case, the trial court interpreted the life insurance clause in the parties' divorce judgment to require the parties to leave the policy terms, including the designation of beneficiaries, unchanged based on the definition of "maintain" in the sixth edition of Black's Law Dictionary as to "hold or preserve in any particular state or condition; keep from change." Of course, the proper interpretation of the terms of an unambiguous divorce judgment is a question of law to which no presumption of correctness applies. Laney v. Laney, 833 So.2d 644, 646 (Ala.Civ.App.2002). Hence, this court is to give no deference to the trial court's interpretation.
At the time the divorce judgment was entered, the sixth edition of Black's Law Dictionary more fully defined "maintain" as follows:
"The term is variously defined as acts of repairs and other acts to prevent a decline, lapse or cessation from existing state or condition; bear the expense of; carry on; commence; continue; furnish means for subsistence or existence of; hold; hold or keep in an existing state or condition; hold or preserve in any particular state or condition; keep from change; keep from falling, declining, or ceasing; keep in existence or continuance; keep in force; keep in good order; keep in proper condition; keep in repair; keep up; preserve; preserve from lapse, decline, failure, or cessation; provide for; rebuild; repair; replace; supply with means of support; supply with what is needed; support; sustain; uphold."
Black's Law Dictionary 953 (6th ed.1990) (emphasis added). In isolation, the term "maintain" carries multiple meanings, including the definition ascribed by the trial court and the meaning proffered by the second wife. However, in this case the agreement does not simply state that the parties would "maintain" the policy. It says the parties will maintain the policy "by each paying one-half the monthly premium until such time as said policy is paid up." This language indicates that the parties intended that they would "maintain" the policy by each bearing the expense of the policy.
The majority stresses that the divorce judgment states that the parties will "maintain the . . . life-insurance policy presently in force." (Emphasis added.) However, this language is nothing more than a description of the life insurance policy at issue. The language "presently in force" simply means the policy that is currently covering the risk of loss of life. It does not mean that the parties are to *775 maintain the terms of the policy "as presently in force," which language would support the conclusion reached by the majority.
In Hanner v. Metro Bank, 952 So.2d 1056 (Ala.2006) (opinion on return to remand), our Supreme Court indicated that a minor child obtained a vested interest in a life insurance policy when the divorce judgment required the father "to maintain his life insurance policy and to name [the minor child] as the irrevocable beneficiary." 952 So.2d at 1063. Although the Court did not have the precise issue in this case before it, its recitation of the facts indicated that the Court considered the act of maintaining the policy to be different than the act of naming the child as an irrevocable beneficiary.
The Alabama bench and bar have clearly recognized a distinction between maintaining a policy "in force" and designating an irrevocable beneficiary. See Ray v. Ohio Nat'l Life Ins. Co., 537 So.2d 915-16 (Ala. 1989) (considering divorce agreement that required the husband to "`keep his current $50,000.00 life insurance policy . . . in full force and effect with the minor children of the parties as primary beneficiaries'" and that required the wife to "`keep her current $10,000.00 life insurance policy in full force and effect with minor children of the parties as primary beneficiaries thereon' "); Berryman v. Adams, 883 So.2d 214, 215 (Ala.Civ.App.2003) (quoting divorce judgment requiring husband to "`maintain and keep paid up to date a policy of insurance on his life . . ., with the children named as irrevocable beneficiaries'"); Slaton v. Slaton, 455 So.2d 34, 34-35 (Ala.Civ. App.1984) (noting clause that required husband to maintain and keep in force life insurance policy "`by paying the premium thereon when due . . . and . . . irrevocably designate as primary beneficiary'" the wife); Whitten v. Whitten, 592 So.2d 183, 184 (Ala.1991) ("`[father] shall keep in full force and effect all life insurance on his life with the parties' minor child as the irrevocable beneficiaries [sic] of such insurance'"); and Ezell v. Ezell, 486 So.2d 446, 448 (Ala.Civ.App.1986) ("`The parties agree that the Plaintiff shall pay the various premiums on his life insurance policies currently in force and that the Plaintiff shall be named as beneficiary on said policies and receive the proceeds, if any, thereto.'"). In all of these cases, the parties or the trial court required one or both of the spouses both to maintain a policy of life insurance presently in force and to designate an irrevocable beneficiary. This practice devolves from the understanding that maintaining a policy of life insurance and designating an irrevocable beneficiary are two different requirements. Because the clause at issue in this case does not mention the second requirement, it cannot reasonably be read to contain that second requirement.
The majority nevertheless asserts that this court should consider the circumstances surrounding the judgment as well as the conduct of the parties. However, an appellate court may only consider those factors when it construes the trial court's judgment. Boykin v. Law, 946 So.2d 838, 848 (Ala.2006). When faced with an unambiguous provision in a judgment, the court cannot look beyond the four corners of the judgment, see Ex parte Littlepage, 796 So.2d 298 (Ala.2001), but must apply the plain meaning of the words without construing them. See Wall v. Borosky, 850 So.2d 351 (Ala.Civ.App.2002).
Relying on its right to review the entire circumstances of the judgment, the majority finds it illogical and inconceivable that the first wife would agree, and the trial court would order her, to pay an equal share of the premiums on the life insurance policy at issue without securing her *776 right to its proceeds. This argument overlooks the fact that the life insurance policy also insured the life of the first wife and the parties' children and that the first wife was designated the primary beneficiary in case of the death of one of the insured children. Regardless of these facts, by taking this position, the majority is looking into the logic and reasoning of the first wife and the trial court. In the case of an unambiguous contract, like a divorce settlement, the objective, not subjective, intent of the parties controls, and that intent is derived from the plain meaning of the words used. See Murray v. Alfab, Inc., 601 So.2d 878 (Ala.1992).
I agree that the language in the settlement agreement and the divorce judgment is unambiguous, but I disagree that this language prevented the husband from changing beneficiaries. Therefore, I respectfully dissent.
THOMAS, J., concurs.