I respectfully dissent. The clause in the 1995 divorce judgment at issue in this case provides:
 "The husband and [the first] wife agree that they will maintain the $75,000 life-insurance policy presently in force with Allstate Insurance Company by each paying one-half the monthly premium until such time as said policy is paid up. The parties agree that the husband will pay his one-half the premium in the amount of $35.00 per month to the [first] wife and that the [first] wife will pay the total premium when due."
It is undisputed that at the time of the entry of the divorce judgment the first wife was listed as the beneficiary in the case of the husband's death; however, in 2004, the husband changed the beneficiary to his then current wife.
The sole issue to be decided in this case is whether the divorce judgment precluded the husband from changing beneficiaries. While the appellate courts of this state have issued numerous opinions finding that a divorce judgment vested the ex-spouse or children with an equitable interest in the proceeds of a life insurance policy that prevented a change of beneficiary without their consent, in every one of those cases the divorce judgment unambiguously declared that the life insurance policy was to be maintained for the benefit of the exspouse or children. See, e.g., McKinnis v. McKinnis,564 So.2d 451, 452 (Ala.Civ.App. 1990) (construing divorce judgment ordering husband to "`name the [wife] as the primary beneficiary on his existing life insurance policy . . . so long as the [wife] shall live or remain unmarried'"); Williamsv. Williams, 276 Ala. 43, 46, 158 So.2d 901, 903 (1963) (construing divorce judgment requiring husband to make minor children "irrevocable beneficiaries" of life-insurance policy and to keep said insurance in effect during the minority of the children); Brown v. Brown, 604 So.2d 365 (Ala. 1992) (divorce judgment ordered husband to name child "irrevocable beneficiary" *Page 774 
of life insurance policy); Frawley v. U.S. Steel MiningCo., 496 So.2d 731 (Ala. 1986) (construing agreement to make minor child "irrevocable beneficiary"); and Posey v.Prudential Ins, Co. of America, 383 So.2d 849
(Ala.Civ.App. 1980) (declaring effect of divorce judgment requiring husband to designate minor child "irrevocable beneficiary" of life insurance policy).
Unlike the above-cited cases, in the present case the language used in the divorce judgment makes no mention of the beneficiary of the policy and does not specifically indicate that the beneficiary designation cannot be changed. Instead, the language merely requires each party to pay a portion of the insurance premiums. Also unlike the above-cited cases, one cannot infer from the language of the divorce judgment in this case that the parties intended the designation of the beneficiary to be irrevocable. Although no particular language must be used to evidence an intent to make a beneficiary designation irrevocable, the language must indicate in some manner that the policy is to be maintained for the benefit of the party claiming a right to its proceeds.
In this case, the trial court interpreted the life insurance clause in the parties' divorce judgment to require the parties to leave the policy terms, including the designation of beneficiaries, unchanged based on the definition of "maintain" in the sixth edition of Black's Law Dictionary as to "hold or preserve in any particular state or condition; keep from change." Of course, the proper interpretation of the terms of an unambiguous divorce judgment is a question of law to which no presumption of correctness applies. Laney v.Laney, 833 So.2d 644, 646 (Ala.Civ.App. 2002). Hence, this court is to give no deference to the trial court's interpretation.
At the time the divorce judgment was entered, the sixth edition of Black's Law Dictionary more fully defined "maintain" as follows:
 "The term is variously defined as acts of repairs and other acts to prevent a decline, lapse or cessation from existing state or condition; bear the expense of; carry on; commence; continue; furnish means for subsistence or existence of; hold; hold or keep in an existing state or condition; hold or preserve in any particular state or condition; keep from change; keep from falling, declining, or ceasing; keep in existence or continuance; keep in force; keep in good order; keep in proper condition; keep in repair; keep up; preserve; preserve from lapse, decline, failure, or cessation; provide for; rebuild; repair; replace; supply with means of support; supply with what is needed; support; sustain; uphold."
Black's Law Dictionary 953 (6th ed. 1990) (emphasis added). In isolation, the term "maintain" carries multiple meanings, including the definition ascribed by the trial court and the meaning proffered by the second wife. However, in this case the agreement does not simply state that the parties would "maintain" the policy. It says the parties will maintain the policy "by each paying one-half the monthly premium until such time as said policy is paid up." This language indicates that the parties intended that they would "maintain" the policy by each bearing the expense of the policy.
The majority stresses that the divorce judgment states that the parties will "maintain the . . . life-insurance policypresently in force." (Emphasis added.) However, this language is nothing more than a description of the life insurance policy at issue. The language "presently in force" simply means the policy that is currently covering the risk of loss of life. It does not mean that the parties are to *Page 775 
maintain the terms of the policy "as presently in force," which language would support the conclusion reached by the majority.
In Hanner v. Metro Bank, 952 So.2d 1056 (Ala. 2006) (opinion on return to remand), our Supreme Court indicated that a minor child obtained a vested interest in a life insurance policy when the divorce judgment required the father "to maintain his life insurance policy and to name [the minor child] as the irrevocable beneficiary." 952 So.2d at 1063. Although the Court did not have the precise issue in this case before it, its recitation of the facts indicated that the Court considered the act of maintaining the policy to be different than the act of naming the child as an irrevocable beneficiary.
The Alabama bench and bar have clearly recognized a distinction between maintaining a policy "in force" and designating an irrevocable beneficiary. See Ray v. Ohio Nat'l Life Ins.Co., 537 So.2d 915-16 (Ala. 1989) (considering divorce agreement that required the husband to "`keep his current $50,000.00 life insurance policy . . . in full force and effect with the minor children of the parties as primary beneficiaries'" and that required the wife to "`keep her current $10,000.00 life insurance policy in full force and effect with minor children of the parties as primary beneficiaries thereon'"); Berryman v. Adams,883 So.2d 214, 215 (Ala.Civ.App. 2003) (quoting divorce judgment requiring husband to "`maintain and keep paid up to date a policy of insurance on his life . . ., with the children named as irrevocable beneficiaries'"); Slaton v. Slaton,455 So.2d 34, 34-35 (Ala.Civ.App. 1984) (noting clause that required husband to maintain and keep in force life insurance policy "`by paving the premium thereon when due . . . and . . . irrevocably designate as primary beneficiary'" the wife);Whitten v. Whitten, 592 So.2d 183, 184 (Ala. 1991) ("`[father] shall keep in full force and effect all life insurance on his life with the parties' minor child as the irrevocable beneficiaries [sic] of such insurance'"); andEzell v. Ezell, 486 So.2d 446, 448 (Ala.Civ.App. 1986) (`"The parties agree that the Plaintiff shall pay the various premiums on his life insurance policies currently in force and that the Plaintiff shall be named as beneficiary on said policies and receive the proceeds, if any, thereto.'"). In all of these cases, the parties or the trial court required one or both of the spouses both to maintain a policy of life insurance presently in force and to designate an irrevocable beneficiary. This practice devolves from the understanding that maintaining a policy of life insurance and designating an irrevocable beneficiary are two different requirements. Because the clause at issue in this case does not mention the second requirement, it cannot reasonably be read to contain that second requirement.
The majority nevertheless asserts that this court should consider the circumstances surrounding the judgment as well as the conduct of the parties. However, an appellate court may only consider those factors when it construes the trial court's judgment. Boykin v. Law, 946 So.2d 838, 848
(Ala. 2006). When faced with an unambiguous provision in a judgment, the court cannot look beyond the four corners of the judgment, see Ex parte Littlepage, 796 So.2d 298
(Ala. 2001), but must apply the plain meaning of the words without construing them. See Wall v. Borosky,850 So.2d 351 (Ala.Civ.App. 2002).
Relying on its right to review the entire circumstances of the judgment, the majority finds it illogical and inconceivable that the first wife would agree, and the trial court would order her, to pay an equal share of the premiums on the life insurance policy at issue without securing her *Page 776 
right to its proceeds. This argument over-looks the fact that the life insurance policy also insured the life of the first wife and the parties' children and that the first wife was designated the primary beneficiary in case of the death of one of the insured children. Regardless of these facts, by taking this position, the majority is looking into the logic and reasoning of the first wife and the trial court. In the case of an unambiguous contract, like a divorce settlement, the objective, not subjective, intent of the parties controls, and that intent is derived from the plain meaning of the words used. See Murray v. Alfab, Inc., 601 So.2d 878
(Ala. 1992).
I agree that the language in the settlement agreement and the divorce judgment is unambiguous, but I disagree that this language prevented the husband from changing beneficiaries. Therefore, I respectfully dissent.
THOMAS, J., concurs.